CUYLER *et al. vs.* WAYNE, administrator.

1. When parties to a proceeding to sell realty for partition who were served, afterwards, on a bill filed by one in interest who was not served, to set aside the sale as to him, answered that they were "content to stand by it so far as their interest was concerned in said proceeding and to abide its result," they cannot subsequently attack the sale on the ground of want of service of all parties.

2. Where a bill was served on a minor, and her step-father answered as her *prochein ami*, she would be bound by the decree in the ab-sence of any fraud.

3. In all cases of the appointment by the ordinary of the guardian of a minor—whether the clerk of the superior court or some other proper person—bond should be required; but the grant of letters without taking bond would not be void as against a *bona fide* pur-chaser under the guardian, without notice of the want of a bond.

Partition.   Parties.   Equity.   Minors.   Before Judge TOMPKINS.   Chatham Superior Court.   October Term, 1878.

Reported in the decision.

T. M. NORWOOD; WRIGHT & FEATHERSTON, for plaintiffs in error.

J. R. SAUSSY; GEORGE A. MERCER, for defendant.

WARNER, Chief Justice.

The suit below was an action of ejectment in Chatham superior court, brought by Thomas H. Cuyler, Estelle Smith (formerly Cuyler), and Georgia C. Branham (formerly Cuyler), against John C. Ferrell, to recover an undivided half of certain real estate situated in the city of Savannah, and also the rents thereof since October 1, 1863, of the yearly value of $3,000.00. Suit brought on December 30, 1869.

Ferrell, after suit was brought, died, and Henry C. Wayne, his administrator, was made party in his stead, at the January term, 1872.

The defendant pleaded the general issue and the statute of limitations.

The case came on for trial on January 23, 1879, before his honor, Henry B. Tompkins, judge of said court, presiding, when, by the written agreement on both sides, the whole case was submitted to the court for trial without a jury, except as to the amount of mesne profits, which was referred to a jury and assessed at $500.00 per annum for as many years as the court should decide plaintiffs were entitled to recover.

The plaintiffs introduced the will of Jeremiah Cuyler conveying the entire property, one undivided half of which is involved in this suit, to certain daughters for life, with remainder to his two sons John M. and Telamon Cuyler, in fee. It was shown that the last of the life tenants died in 1863, and that the title then vested in possession in John M. Cuyler, as to one undivided half, and as to the other half in the three plaintiffs, the children of Telamon Cuyler, he having previously died. The defendant then admitted that he or his intestate, Ferrell, had been continuously in possession of the property since August 14, 1863, and that they claimed title under or through the plaintiffs.

It was proved that Thomas H. Cuyler was born on January 29, 1845, and Estelle Cuyler on January 24, 1851.

S. P. Bell testified that he was a real estate agent and knew the property in dispute. The entire property, one undivided half of which is sued for, had been worth for rent since the close of the war an average annual sum of $2,500.00; was worth much more for several years after the war, but is now worth less.

Plaintiffs closed.

The defendant introduced the following record :

PARTITION PROCEEDINGS.

"GEORGIA—Floyd County.

"To John R. Freeman, guardian of Thomas Cuyler, and A. B. Ross, guardian of Estelle Cuyler, minor children of Telamon Cuyler, deceased: You are hereby notified that I shall apply to the superior court to be held in and for the county of Chatham on the second Monday in May next, for the appointment of partitioners to divide the lot of land fronting on Broughton and Bull streets, in the city of Savannah, devised by the will of Jeremiah Cuyler, deceased, to his daughters for life, remainder to Telamon and John Cuyler and their heirs, said life estate having terminated, and that an order for the sale of said lots will be prayed for.

(Signed)                  J. BRANHAM, JR.,
*Trustee Georgia C. Branham, etc.*

"April 8, 1863.

"GEORGIA—Floyd County.

"We acknowledge due and legal service of the within, and waive all other and further notice. This April 17, 1863.

(Signed)        JOHN R. FREEMAN, *Guardian for Thos. Cuyler.*
A. B. ROSS, *Guardian for Estelle Cuyler.*
"Filed May 16, 1863.        W. H. BULLOCH, *Clerk S. C. C. C.*"

Then follows a petition to the superior court of Chatham county, signed by J. Branham, Jr., trustee for Georgia C. Branham, showing that the property, one undivided half of which is involved in the present suit, had vested as to one undivided half in John M. Cuyler, and as to the other half in the children of Telamon Cuyler, deceased, to-wit : "Thomas H. Cuyler, minor, of whom John R. Freeman is guardian ; Estelle Cuyler, minor, of whom A. B. Ross is guardian, and Georgia C. Branham, formerly Georgia C. Cuyler, the wife of petitioner," and of whom the petitioner was trustee. That the said John M. Cuyler and the said

Freeman, as guardian of Thomas H. Cuyler, and the said Ross, as guardian of Estelle Cuyler, and the petitioner, are the common owners of said property, the said guardians and the petitioner being . entitled to one-half, making the petitioner's share one-sixth of the whole. The petitioner was desirous of having the property partitioned between the aforesaid parties and himself; that it could not be divided fairly by metes and bounds on account of improvements. Therefore he prayed for the appointment of commissioners to sell the property for division as by law in such case provided; states "that notice of this application has been given, a copy of which is hereto annexed." Dated May 11, 1863.

Then follows the order of the court, reciting the substance of the petition; that the petitioner had proved his title to one-sixth of the property; that a division by metes and bounds was impracticable; "and it further appearing that the notice required had been given," a sale of the property is ordered; and George W. Wylly, Thomas Purse and John Williamson . are appointed to conduct said sale, and directed to sell at public outcry, etc., after advertising thirty days, and to make return of their proceedings to the next term of said court. Dated May 16, 1863. (Signed) "W. B. Fleming, Judge E. D. Ga. Filed May 16, 1863. William H. Bulloch, Clerk, etc."

Next follows the return of the commissioners, stating "that in pursuance of the terms of the decree," etc., the property " was duly exposed for sale before the court-house in Chatham county, and brought the sum of $36.000.00." That the expenses of the sale were $1,243.50, leaving a balance of $34,756.50. Of this they had paid to J. Branham and J. R. Freeman, guardian of Thomas H. Cuyler, and to A. B. Ross, guardian of Estelle Cuyler, each the sum of $5,807.83, leaving a balance of $17,333.00, or one-half the proceeds of the sale, which, they say, "under the will of Jeremiah Cuyler, is devised to Dr. John M. Cuyler, a surgeon in the army of the United States." This sum they

had invested under the currency act of the Confederate States in 4 per cent. certificates, etc. Report signed by the commissioners, and dated June 1, 1864.

The defendant next introduced the deed made by said commissioners in pursuance of said sale conveying the property to John C. Ferrell, the defendant's intestate, dated August 14, 1863, which deed the plaintiffs admitted to be regular and conveyed the title if the sale was legal or binding on them.

It was also in open court admitted by the plaintiffs that Branham, in right of his wife, and Freeman, as guardian of Thomas H. Cuyler, and Ross, acting as guardian of Estelle Cuyler, received from the commissioners in the partition proceedings, on October 1, 1863, the proceeds of the sale of the property, the parties having come to Savannah for that purpose; that on the same day they invested the money (Confederate currency) in a farm in Floyd county, taking the title to them in their said representative capacities; that on October 29, 1868, Estelle Cuyler was married to H. H. Smith. On June 7, 1869, Branham and wife, and Smith and wife, Estelle, and Thomas H. Cuyler, exchanged the farm for a house and lot in Rome, Georgia, all joining in the deeds. That Branham soon after bought Thomas H. Cuyler's interest in the house and lot for $700.00 or $800.00. Smith and wife, Estelle, sold their interest on December 9, 1870, for $700.00, and invested the proceeds in part purchase of a lot in Rome, taking the title to Smith, as trustee for Estelle, on January 12, 1871, on which lot Smith afterwards built a house, and he and his family have continuously lived there since.

Ross also acted as guardian for Estelle in the division of some negroes of the estate of Telamon Cuyler in July, 1862, the day after he was appointed guardian; but he was a mere nominal party to the proceeding, and did not receive the negroes, which remained with Estelle's mother and stepfather, D. M. Hood.

It was admitted by the plaintiffs that J. R. Freeman was

regularly appointed and qualified as guardian of Thomas H. Cuyler on July 7, 1862, by the ordinary of Floyd county.

The defendant also introduced a transcript of the record of the proceedings had in the court of ordinary of Floyd county for the appointment of A. B. Ross as guardian of Estelle Cuyler.

The first thing in said proceedings is the order of the ordinary, which, after reciting that citation had issued requiring all persons concerned to show cause why guardianship should not be granted to A. B. Ross, or some other fit person, for the property of Estelle Cuyler, and no cause being shown, etc., proceeds: "It is ordered by the court that letters of guardianship issue to A. B. Ross, clerk of the superior court of the county aforesaid, according to the statute in such case made and provided, he taking the usual oath of office." Signed by the ordinary, and dated July 7, 1862.

Then follows the oath taken by Ross, as guardian, in the usual form; also the letters of guardianship, which are signed by the ordinary, and are addressed to "Absalom B. Ross," simply. Both dated July 7, 1862.

The defendant admitted that Ross never gave any bond as guardian of Estelle.

The defendant, Wayne, testified that he, as administrator, took charge of the property in dispute in 1871; that the entire property had been worth since then an average rent of $175.00 per month ($2,100.00 per annum), but the taxes, insurance and repairs had been about $1,000.00 a year, exclusive of commissions for collecting the rent.

The defendant also introduced the record of a suit in equity in the United States circuit court for the southern district of Georgia, brought in February, 1867, by John M. Cuyler, against D. M. Hood and his wife Frances, "Estelle Cuyler, a minor," Joel Branham and Georgia C., his wife, and John C. Ferrell. The bill states that the complainant is a son of Jeremiah Cuyler; sets forth the will of Jeremiah,

and his title under that will to one undivided half of the property therein conveyed, and the title of the heirs of his brother, Telamon Cuyler, to the other half, as shown in former part of this brief of evidence, (Frances Hood having been the widow of Telamon Cuyler, but her interest and that of her husband, D. H. Hood, having been conveyed to her children, as shown in the partition proceedings); that Thomas H. Cuyler, the remaining heir of Telamon, then resided out of the jurisdiction of the court, and could not be served; that complainant has heard that some of the parties during the war had instituted proceedings and had the property sold for partition, and that John C. Ferrell had purchased the property at such a sale and paid for it in Confederate currency; that complainant was at that time a surgeon in the United States army, and engaged in the discharge of his duties as such, and had no notice whatever of such proceedings, and the same are not binding on him, etc. He prays that the property may be partitioned, that he may possess his half in severalty, and that an account be taken of the rents, and for general relief.

There is a return of the marshal showing that the defendants were served.

The defendant John C. Ferrell answered the bill, setting up as his defense his purchase of the property at the sale made under the decree of Chatham superior court in the proceedings instituted by J. Branham in 1863 for partition, hereinbefore set forth.

J. Branham and wife, Georgia C., and Estelle Cuyler, also answered the bill, in which they admit the complainant's allegations, give a statement of the proceedings and sale for partition, and reasons why they desired a partition, and state that they are willing to abide the same. In the concluding part of the answer it is stated that B. M. Hood answers for Estelle Cuyler as next friend, she being still a minor.

The decree rendered October 26, 1863, is as follows:

"This cause came on to be heard at this term of court

Cuyler *et al. vs.* Wayne, administrator.

and was argued by counsel, and thereupon, on consideration thereof, it is ordered, adjudged and decreed as follows:

"First. That partition be made of the premises in said bill of complaint described, so that one moiety thereof shall belong to the complainant in severalty, and be to him delivered for his several possession and enjoyment forever.

"Second. That William R. Boggs, A. N. Wilson and A. S. Hartridge, Esqrs., are hereby appointed commissioners to make such partition in terms of the law, and report their action to the next term of this court. And if said commissioners shall find it impracticable to divide said premises into two equal moieties so that one of the same may be assigned to the complainant, then they shall report that fact to the court, and abstain from further action until further order.

"Third. That E. J. Harden, Esq., is hereby appointed a master in chancery *pro hac vice* in this case, to take the account between the complainant, John M. Cuyler, and the defendant, John C. Ferrell, of all rents and profits, if any, that may be due from the latter to the former, whether by actual receipt of rents and profits issuing out of said premises, or by reason of the occupation of the premises by the defendant himself, charging said defendant with one moiety of the whole, and giving him credit of one moiety of the actual and necessary expenses incurred and paid by him touching said premises."

On November 16, 1868, two of the commissioners named in the foregoing decree, report to the court that they find it impracticable to divide the premises into two equal moieties.

On December 10, 1872, the following decree appears:

"JOHN M. CUYLER, complainant,
       *vs.*
HENRY C. WAYNE, administrator, } In Equity.
JOHN C. FERRELL, defendant.

"This cause came on to be further heard at this term and was argued by counsel, and therefore upon consideration

thereof it was ordered, adjudged and decreed as follows, viz : That the lots numbers one and two, Huck's Tything, Percival ward, in the city of Savannah, with the improvements and appurtenances, belong in equal undivided moieties to the said complainant and his assigns and to the said defendant as the administrator of the estate of John C. Ferrell, as of and from October 26, 1868, the date of the original decree in said cause. That the said parties so holding the said property as tenants in common shall determine among themselves as to their ownership respectively of the said lots and appurtenances, equalizing the value thereof according to the election which may be made in the manner provided by the commissioners appointed by this court, the final report of said commissioners having been adopted by the court. It is further ordered that the complainant do recover his costs against the said defendant."

On the trial of this case the court rendered a finding in favor of the defendant, and ordered that the defendant have leave to enter up judgment against the plaintiffs, and judgment was so signed by counsel for the defendant. Date of finding and judgment, January 24, 1879.

The plaintiffs on the same day moved the court to set aside said finding and judgment, and for a new trial, on the following grounds :

1. Because the said finding and judgment are contrary to the evidence and without evidence.

2. The finding and judgment are contrary to law.

3. The plaintiff, Estelle Cuyler (now Smith), pending the trial, in open court, proposed and offered to allow the $700.00 which had come into her hands from the proceeds of the sale of the property for partition in 1863, and which she found in her possession on arrival at majority, as shown by the evidence, or the value of the Confederate money received by Ross acting as her guardian from the sale of the property, as a set-off against her share of the rents and profits, or as a charge upon her share of the property in favor of the defendant, if there should not be a sufficient

amount of rents to cover the same; and she offered to amend the declaration by adding to it this proposition and offer. But the court ruled she could not make such proposition or amendment, and declined to consider the same.

The motion for new trial was overruled and the plaintiffs excepted.

Two questions were mainly insisted on here by the plaintiffs in error : First. as to the validity of the sale of the property for partition by the judgment of the court in May, 1863, on the ground that John M. Cuyler was not a party to that proceeding. Second, that the sale and partition of the property was not binding upon Estelle Cuyler, now Mrs. Smith, because she was a minor at the time, and was represented by Ross, who had been appointed her guardian, but who had not given bond and security as such.

1. In relation to the first question, whether the sale of the property for partition was legal and valid or not, the plaintiffs, in their answer to the bill filed against them and the purchaser of the property by John M. Cuyler, ratified and confirmed it, for they state in reference thereto " that they are content to stand by it so far as their (interest is concerned in said proceeding and to abide its result."

2. The bill was served upon Estelle Cuyler, and was answered by D. M. Hood, as her step-father and next friend, or, as he describes himself in his signature to the affidavit to the answer, "D. M. Hood, *prochein ami* of Estelle Cuyler," and she is therefore bound by it as well as the other parties thereto. 53 *Ga.*, 514.

3. We might rest our judgment in this case right here, but as the question was discussed on the argument as to whether a guardian was required to give bond and security, especially when the clerk of the superior court is appointed a guardian for minors by the ordinary, or whether it is discretionary with the ordinary to require bond and security, we will express our opinion upon that question. In our judgment the law requires that bond and security should be given in all cases on the appointment of a guardian by the

ordinary. Code, §1812. But the grant of letters of guardianship by the ordinary without taking bond, though erroneous, would not make the grant of the letters void as against a *bona fide* purchaser who had no notice that a bond had not been given. 13 *Ga.*, 10. In the case under review, Ferrell, the defendant's intestate, alleges that he was a *bona fide* purchaser at the partition sale of the property in dispute, and, as such, is entitled to be protected against the claim of the plaintiffs on the statement of facts contained in the record. There was no error in overruling the plaintiffs' motion for a new trial.

Let the judgment of the court below be affirmed.