## TUCKER *vs.* PARKS *et al.*

[This case was argued at the last term, and the decision reserved.]

1. Whenever an application is made under the Code for a partition of lands and tenements, the same will be granted, unless it is made satisfactorily to appear to the court that a fair and equitable division thereof cannot be made by means of metes and bounds because of improvements thereon, or by reason of the premises being valuable for mining purposes, or for the erection of mills or other machinery, or that the value of the entire lands and tenements will be depreciated by the partition applied for. And it is the duty of the judge to look to all the facts and circumstances of each case and satisfy himself, before a sale is ordered, that the interest of each of the parties will be fully protected thereby. Nor should the fact that the mere pecuniary interest of one of the parties to the application might be benefited by a sale justify it, when the same would be injurious to the other common owners.

(a.) Where, on the trial of such an application, the judge charged that if the jury should believe that the value of the entire tract would be depreciated by a partition in kind, and that it would be to the best interest of all parties to have the land sold as a whole, and not divided in kind, they should find accordingly, but if they believe otherwise, they should find in favor of the application:

*Held,* that such charge was not error.

February 13, 1883.

Partition. Charge of Court. Before Judge POTTLE. Oglethorpe Superior Court. April Term, 1882.

Reported in the decision.

SAMUEL LUMPKIN, for plaintiff in error.

WHITSON G. JOHNSON, for defendants.

CRAWFORD, Justice.

The question which brings this case to this court is the sale or partition of one hundred and thirty-three acres of land of which Jacob Busbin died seized and possessed. His title came to him from the administrator of his father in June, eighteen hundred and twenty. He owed no debts, and his heirs, at the time of the application for partition, consisted of two living daughters, and the husband of a deceased daughter. The living daughters filed their petition in the court below for a partition of the land between the heirs; the son-in-law resisted the application, upon the ground that the value of the entire land would be depreciated by the partition applied for. The case went to a jury, and, under the testimony and charge of the court, their verdict was that the land be partitioned. The defendant then moved for a new trial, which the judge refused, and that refusal he brings to this court as error.

The motion for a new trial is based upon the ground that the judge, in charging the jury, coupled the question of value in the sale of the land with what was the best interest of all the parties under the circumstances of the case, and instructed them that, if they believed it was the best interest of all the parties to have the land sold as a whole and not divided, then they should find in favor of a sale, otherwise in favor of a partition.

The plaintiff in error complains that the judge did not submit the naked question of value alone, as it affected the interest of each individual heir in a sale or partition.

The law provides that in all cases where two or more persons are common owners of lands, whether by descent or purchase, and no provision is made by will or otherwise as to how said lands shall be divided, any one of the owners may apply to the superior court for a writ of partition. The other common owners of such land may file objections, showing any good and probable matter in bar of the

petition; whereupon an issue may be made up and tried by a jury.

It is further provided that, if either of the parties in interest shall make it satisfactorily appear that a fair and equitable division cannot be made by metes and bounds, by reason of improvements, or of the premises being valuable for mining purposes, or for the erection of mills or other machinery, or that the value of the entire tract will be depreciated by the partition, then the court may order a sale under such regulations, and upon such just and equitable terms as said court may prescribe.

In passing upon the question made by the record in this case, it is necessary that all the sections of the Code bearing upon partition be construed together. If this be done, it will be seen that a partition is always to be ordered, except in cases where it is shown that a fair and equitable division cannot be made by metes and bounds. When this is done, for any of the reasons named in the statute, or for other good and sufficient reasons, though not so named, then a sale of the land may be directed, but otherwise it is to be partitioned. It will be further seen that the statutes upon this subject were not expected to provide for and cover every case of application for partition that might be made. Hence it is provided that the court, in order to protect fully the interest of each of the parties, may deny altogether either a sale or partition of the land in question. Code, §4006. From this power so conferred, it is clear that the interest of the parties, as to whether a sale or a partition should be ordered, was to be inquired into and considered before either was directed. Under the law and the facts of this case, we do not think that the judge erred in his instructions to the jury. Clothed as he was with power to hear and determine upon the facts found by the jury, whether he would order either a sale or partition, or deny both, it was his duty to have the interest of all the parties fully protected, and this he did

by sending the questions in issue to the jury with the instructions given, and they found in favor of partition.

We think, too, that this was a proper case for the judge, had it been necessary, to have framed the proceedings so as to have met any exigency, without forcing these applicants into a court of equity, that their rights might have been fully protected. The land in question had for two generations before theirs been in the family; for more than sixty years it had been the home of their father and was then theirs. They were the only living heirs who were of the blood of the ancestor; two sisters, one single the other married; the husband unthrifty; they wanted the home of their childhood, and that which had been the home of their fathers; if it went to sale, it passed away from them forever, they were too poor to buy it all; they petitioned the court to divide it between themselves and the husband of their deceased sister; they brought proof more than sufficient to show that an equal and fair division of the land by metes and bounds could be had; they showed that partition was protection, and sale ruin. The judge put the whole case with its facts to the jury, whose verdict was that the land be divided. He was satisfied that to protect these applicants the verdict should be upheld, and having committed no errors in the trial, his judgment is affirmed.

Judgment affirmed.