| 72 | 791 |
|----|-----|
| 88 | 514 |
| 72 | 791 |
| 93 | 585 |
| 72 | 791 |
| 123 | 809 |

</div>

## CHILDS *et al. vs.* HAYMAN, and *vice versa.*

1. A suit for partition is not a proceeding *in rem,* nor is the final judgment binding on any of the co-tenants who are not brought within the jurisdiction of the court by some service of process, actual or constructive.

2. *Semble,* that §4007, which gives to a party to the proceeding, who is a minor or lunatic having no guardian, or who is absent from the state during such proceeding, and who has not been notified thereof, the right within twelve months after coming of age, or of restoration to sanity, or of having a guardian appointed, or to such

absent or unnotified party, to set aside such judgment upon any of the grounds upon which he might have resisted it upon the hearing, and which prescribes that if such motion to set aside is not made within that time, the judgment shall be binding and conclusive upon the minor, lunatic or unnotified party, as if he had been notified, present or free from disability, provides for the case of one who is a resident, but is temporarily absent from the state.

(*a.*) The bar applies to no one who was not made a party to the proceeding, and who is not thereby called upon to answer. As to such a person, the entire proceeding is *res inter alios acta.*

(*b.*) While §4002 of the Code is only applicable to the cases of partition by metes and bounds, where circumstances exist rendering a sale necessary to effect a partition, all the rights to object are equally reserved to the parties to the proceeding.

3. Whether the party applying for a partition, and who claims the title of his co-tenant by virtue of the sale under the judgment, and who is at fault for not giving the notice required by law, can be regarded as a *bona fide* purchaser, so that his title would not be affected by the ordering of a re-hearing on behalf of the absent or unnotified party. *Quære?*

(*a.*) Under such a sale, he would acquire no title to the share of any party who was not made a party to the proceeding, and who had no notice, actual or constructive, of the same.

February 19, 1884.

Parties. Judgments. Notice. *Res Adjudicata.* Estoppel. Partition. Before Judge ESTES. White Superior Court. October Term, 1883.

Mrs. E. P. Hayman (who alleged that she was formerly E. V. Patton, of Henderson, N. C.) filed her petition for a partiton of certain lots of land in White county, claiming that she owned a one-eighth interest, and Childs and Nickerson seven-eighths interest.

Defendants set up the following defences:

(1.) That the land had already been partitioned and sold under a judgment at the October term, 1881, of court. [The proceeding pleaded as a former adjudication of this subject was, in brief, as follows: Childs and Nickerson applied for a partition of these same lots, alleging the following to be the tenants in common therein: J. P. Kennedy and wife, of Abbeville, S. C., owning together

one-twentieth undivided interest; Preston F. Patton, of Henderson county, N. C., five-twentieths interest; Edmund L. Patton, of Abbeville county, S. C., two-twentieths interest; J. R. Deane, of White county, Ga., one-twentieth interest; E. P. Williams, of the same county, one-twentieth interest; and petitioners, ten-twentieths interest. Service was perfected on the resident defendants, and under order of court, the non-residents were served by publication. A judgment was rendered, reciting that, it appearing that the allegations of the petition were true, and that a partition could not be had in kind, a sale by commissioners was ordered. This was had, and petitioners, Childs and Nickerson, became the purchasers for $1,000.00. The commissioners made title and returned the money into court, and the court ordered that, after paying expenses, the balance be paid out to the tenants in common in proportion to their interests.

(2.) That if Mrs. Hayman has any interest, having been represented by her brother, Preston F. Patton, in the former suit, she is bound.

(3.) That they are *bona fide* purchasers under the former judgment of the court, and should be protected.

(4.) That Mrs. Hayman is barred by the statute of limitations of one year, she not having begun this proceeding until more than twelve months after the former judgment.

(5.) That she is bound to look to the money in the hands of the commissioners representing the one-eighth interest which she claims, instead of the land itself; and that this amounts to $125.00, less a *pro rata* share of expenses.

(6.) That, at the time they bought, $1,000.00 was the full value of the property; that they have erected substantial improvements upon it, and have also dug a ditch, conveying water through this and other lots, a distance of nine miles; that they are in no way bound to maintain this ditch for this lot alone; that it is valuable for mining purposes to other lots along the ridge on which it runs,

and is separate and distinct from the title to the land; also, that they have paid the taxes since their purchase, and have never been reimbursed.

Defendants prayed that partition be denied: or, if another sale were ordered, that the judgment be so framed as to protect their right to the ditch and water, and that they be reimbursed the proportionate part of the taxes and improvements chargeable to Mrs. Hayman; that, in case of a second sale, the $125.00 in the hands of the commissioners be refunded; and for such other and further relief as might be proper.

The case was submitted to the court without a jury, and he decreed that the application be granted, that the land was not capable of division by metes and bounds on account of a mine on it, and that it should be sold by commissioners, and the proceeds be divided between the applicant and the defendants; but that the sale should convey no title to the ditch or water in it.

Defendants excepted; and the applicant also filed a cross-bill of exceptions to that part of the judgment in regard to the ditch and water in it.

BARROW & ERWIN, for Childs *et al.*

H. H. PERRY; A. F. UNDERWOOD & SON, *contra.*

HALL, Justice.

By consent of the parties, this case was heard by the presiding judge, both as to the facts and the questions of law involved, and by him a judgment was rendered.

By this judgment, the lands in question were directed to be sold for a partition between the parties; there being on them a gold mine, they could not be partitioned in kind. One-eighth of the net proceeds of the sale was awarded thereby to the petitioner and seven-eighths to respondents. The respondents were in possession of the lands and had been mining them; and in order to do this successfully had

been compelled, at their own expense, to dig and keep open a ditch some nine miles in length, to procure water to conduct their operations. The judgment reserved to them the entire interest in the ditch and the water therein, together with the exclusive right to use the same and every part thereof. Each party excepted to this judgment, and each took thereto a separate bill of exceptions. The defendants excepted to the order for a partition, and the other party to the reservation of the ditch, etc., to the exclusive use of the defendants.

Several defences were set up to this proceeding. The right to partition the premises was denied, for the reason that the respondents held under a sale in pursuance of a former judgment for partition, in a suit between them, as the owners of one-half the lands, and other parties thereby shown to be the owners of separate shares embracing the other half, among whom was Preston F. Patton, the brother of the present petitioner, who was alleged to be the owner of 5-20ths or 1-4th of the same. The petitioner was not named in that proceeding, and was in no sense a party thereto, unless she was represented therein by her brother, the said Preston F. Patton, who was a non-resident and was served by publication of a notice. It does not appear what right Patton had to represent the present petitioner in that proceeding; it is not shown that she was then a minor or married woman, or that she and her brother derived their interest from a deceased ancestor, or how they acquired it. It is certain, however, that he does not appear as representing her in any fiduciary character whatever, but the proceeding was against him, and he was notified to answer in his individual right.

Under these facts, it is insisted that Mrs. Hayman, the present applicant, was bound by that proceeding, and that, inasmuch as she did not appear within a year and file objections to the judgment rendered therein, she is estopped from prosecuting the present suit. This is the material question in the case, and if that is determined in her favor,

she does not insist upon the writ of error sued out in her behalf.

.1  That judgments rendered in suits *inter partes* are conclusive only upon parties and privies, was not questioned by the learned counsel for the plaintiffs in error. (Code, §§2897, 3577, 3826); but he insists that this is not necessarily a judgment in a suit between parties, but if not strictly a judgment *in rem*, which is conclusive upon everybody, (Code, §3827), it is yet in the nature of such a judgment, and partakes more of that nature than it does of the characteristics of the former kind of judgments; since its principal, if not sole, purpose was to determine whether the lands sought to be portioned were so situated that they could not be divided and the respective portions of the co-tenants set apart to them by metes and bounds, and in support of his position cites the English editor's note to the Duchess of Kingston's case, 2 Smith's Leading Cases, 439, 440, marginal page, 4th Américan from 3d English ed., T. & J. W. Johnson, Philada., 1852.  The editor is there combatting the *dicta* found in text-writers and decisions, to the effect that a judgment *in rem*, to have this conclusive character, must be the judgment of a court of exclusive jurisdiction; and he submits that the position is untenable, on the principle that it is a solemn declaration, proceeding from an accredited quarter, upon the status of the thing adjudicated upon, which very declaration operates accordingly upon the status of the thing adjudicated upon, and *ipso facto* renders it such as it is thereby declared to be.  ·As instances of his meanings, he cites the condemnation of goods in the exchequer, which not merely declares their liability to forfeiture, but also accomplishes their forfeiture, and a sentence in a prize court, which not merely declares the vessel prize, but vests it in the captors.  We think this does not affect the essential distinction between these classes of judgments, from which such different effects flow.  This accurate and careful annotator, in a previous portion of the same note, *Id.*,

438, 439, distinguishing judgments in *personam* from judgments *in rem*, says : " Perhaps it would be more accurate to say of the former *inter partes*, since, as will presently be pointed out more clearly, an adjudication upon the status of a particular person is as much entitled to the conclusive effect of a judgment *in rem* as is an adjudication on the status of a particular inanimate thing." " And here," he continues, " arises the distinction above adverted to between judgments *in rem* and judgments *inter partes;* the former having a conclusive effect as between all persons whatever, the effect of the latter being much more limited."

" A judgment *in rem* I conceive to be an adjudication pronounced (as its name indeed denotes) upon the status of some particular subject-matter, by a tribunal having competent authority for that purpose. Such an adjudication being a most solemn declaration from the proper and accredited quarter that the status of the thing adjudicated upon is as declared, concludes all persons from saying that the status of the thing adjudicated upon was not such as declared by the adjudication." Instances are given and numerous authorities cited. See also 45 *Ga.*, 74.

A suit for partition is not a proceeding *in rem;* the process is not served upon the land, nor is the land a party defendant, nor is the final judgment binding on any of the co-tenants who are not brought within the jurisdiction of the court by some service of process, actual or constructive. Freeman's Co-tenancy, §463, and citations; 64 *Ga.*, 78 ; 33 *Id.*, 107.

This is the settled rule of the common law, and there is nothing in our statutes relating to partition which conflicts with it. The party applying for partition must, among other things, describe the premises to be partitioned, and to define the " share and interest of each of the parties therein" (Code, §3996), and must give twenty days' notice to the opposite parties of his intention to make the application, and if any of them reside out of the state, the court

may order service by such publication as in its judgment is right in each case. *Id.,* §3998.

Mrs. Hayman was no party to this proceeding; no notice was served on her; though a non-resident, the publication of notice did not contain her name, nor the name of any party that represented or could speak for her as to any right or interest she had in the premises. The judgment by which it is sought to bind her was taken in a proceeding she was not called on to answer, and one in which she and her rights were entirely ignored. What does it avail the defendants in this case, that the parties to the proceeding are estopped from disputing the sale and the title of the purchasers thereunder? Those who were served are bound, but that does not bind her. 23 *Ga.,* 309, 314, 315 *et seq.;* Freeman's Co-tenancy, §168, and citations. Her interests and rights are not at all affected by the estoppel of her co-tenants. So far as she is concerned, the only effect it had was to make her co-tenant with the purchaser at this sale.

2. The same statute, Code, §4007, reserves to parties to the proceeding, where such party is a minor or lunatic, having no guardian, or where one is absent from the state during such proceeding, or has not been notified thereof, the right, within twelve months after coming of age, or after restoration to sanity, or having a guardian appointed, or to such absent or unnotified party to set aside such judgment upon any of the grounds on which other of the parties designated might have resisted it upon the hearing, as authorized by the statute; and if such motion to set aside the judgment is not made within that time, the judgment is declared to be as binding and conclusive upon the minor, lunatic or unnotified party as if he had been notified, present or free from disability. It is questionable whether this act embraces one who was not at the time of the application and the judgment a non-resident of the state; its terms would rather seem to provide for the case of one who was a resident of, but temporarily absent from,

the state.  Be this, however, as it may, it is evident that the bar prescribed, if we regard the entire scope and purpose of our legislation upon this subject, can apply to no one who was not made a party to the proceeding, and who is not thereby called upon to answer.  As to such the entire proceeding is *res inter alios acta;* they are mere strangers to it.  Thus, upon the return of the commissioners appointed under the petition to make the division, if no objection is filed by any of the parties, it becomes the judgment of the court, and is final and conclusive as to all the parties concerned who were notified of the application and of the time of executing the writ, and if objections are filed and a new partition is awarded, to be made in the presence of the parties concerned, the new partition when returned shall be firm, good and conclusive forever against all parties notified.  Code, §4002.

It is true that this section of the Code is applicable alone to cases of partition by metes and bounds.  But where circumstances exist, rendering a sale necessary to effect a partition, all the rights to object are equally reserved to the parties to the proceeding, as was distinctly recognized by this court in *Tucker vs. Parks et al.,* 70 *Ga.,* 414.  This position is fortified by the requirement that the parties shall execute the title to a purchaser at such a sale, and if they fail or refuse so to do, then the commissioners appointed to make the sale, or any two of them, shall convey the premises to the purchaser, and their deed shall, in that event, be as valid and binding in law and equity as if made by the parties themselves.  Code, §4005.  Again, when application is made for partition, " due proof " must be made that the notice required has been given; when it is the duty of the court to examine the petitioner's title, etc., before ordering the writ to issue. Code, §3999.

3. It is conceded that, when application is made for a re-hearing by one who is absent from the state, or who has not been notified, and the re-hearing is ordered, in

that event, these proceedings do not affect the title of a *bona fide* purchaser of a sale ordered by the court. Code, §4007. Whether the party applying for the partition, and who claims the title of his co-tenants at the sale had under the jugdment, and who is at fault for not giving the notice required by law, can be regarded as a *bona fide* purchaser, may admit of question. We are clear, however, upon the principles already discussed, that, under such a sale, he can acquire no title to the share of any party who was in no sense made such to the proceeding, and who had no notice, either actual or constructive, of the same. This differs in nothing from the seizure and sale of the property of a person who is no party to the process. It is needless to remark that a sale under such circumstances could confer no title on the purchaser, for want of authority to make it. The amount paid for the plaintiff's share by these defendants is still in the hands of the commissioners, and their right to it is not contested. To recover it, they have only to apply to the court.

The judgment rendered followed necessarily from the undisputed facts.

Judgment affirmed.