### 27194. SOUTHALL v. CARTER.

GUNTER, Justice. Appellant brought an action in Lowndes Superior Court against defendant-appellee seeking partition of land in Lowndes County owned by them as equal tenants in common. The defendant was a resident of Echols County, and she filed a motion to dismiss the action for improper venue and lack of jurisdiction in the Superior Court of Lowndes County, contending that the statute, *Code* § 85-1504, which says that a partition action may be brought in the superior court in the county where the land is situated, is unconstitutional.

The trial court agreed with the appellee, found the statute unconstitutional, and dismissed the appellant's action. The trial judge's reasoning was that a partition action is not one "respecting titles to land" within the realm of *Code Ann.* § 2-4902 but is in the category of "all other civil cases" provided for under *Code Ann.* § 2-4906 and must be tried in the county where the defendant resides.

We hold that the trial court erred, and the judgment below must be reversed.

Our *Code* § 85-1504 which says that an applicant for partition "may apply to the superior court of the county in which such lands and tenements are situated" was codified from the provincial Act of 1767 when this State was a colony. It has therefore been with us for some time with only two minor changes by our legislature in 1900 and 1920. The case at bar appears to be the first case that has raised the issue that this old statute is in conflict with the Georgia Constitution.

In *Douglas v. Johnson,* 130 Ga. 472 (1) (60 SE 1041) this court said: "The venue of a statutory proceeding for the partition of land is the county where the land lies. Civil Code § 4786." That case was decided in 1908, and there is no indication that the constitutional issue was even raised.

In the case of *Anderson v. Anderson,* 151 Ga. 518 (107 SE 334), decided in 1921, this court held that a statutory partition proceeding does not involve the title to land, and that the Court of Appeals, not the Supreme Court, has jurisdiction on appeal. To the same effect is the case of *Nash v. Williamson,* 212 Ga. 804 (96 SE2d 251) which was decided in 1957. Neither of these cases made any reference to the statute which placed venue in such a proceeding in the county where the land is situated; and neither of these cases made any reference to any conflict between this venue statute and the venue provisions in our Constitution.

We must therefore squarely face and decide the issue, plainly and clearly raised here, whether a partition

action is one "respecting titles to land" which our Constitution (*Code Ann.* § 2-4902) says shall be tried in the county where the land lies, or whether a partition action falls in the category of "all other civil cases" (*Code Ann.* § 2-4906). If it is of the former, then our venue statute is constitutional; but if it is of the latter, then our venue statute offends the constitutional provision, and the statute must be stricken down.

In the old case of *Adams v. Lamar,* 8 Ga. 83, 91, this court said: "In this State, by the Act of 1767, the mode of partitioning lands, held in coparcenary, joint tenancy and tenancy in common, is prescribed. It is by petition to the Superior Court, and exhibition of title. The court is required to examine the petitioner's title, and thereupon to issue a writ of partition. There must be a legal title in the applicant—he must show a seizin in coparcenary, joint tenancy or tenancy in common. The partition, when made, becomes the judgment of the court, and, therefore, without more, the partitioned property vests; and so it is by the Common Law writ of partition."

In the case of *Griffin v. Griffin,* 33 Ga. 107 (1), decided in 1861, this court said: "Upon an application to the superior court for partition of land by joint tenant, or tenant in common, under the Act of March 26, 1767, it is proper for that court, in case of a contest, to go into a consideration of the title, both legal and equitable, and award or refuse the writ, according to the proof made."

In the case of *Childs v. Hayman,* 72 Ga. 791, 799, this court said: "But where circumstances exist, rendering a sale necessary to effect a partition, all the rights to object are equally reserved to the parties to the proceeding, as was distinctly recognized by this court in *Tucker · v. Parks,* 70 Ga. 414. This position is fortified by the requirement that the parties shall execute the title to a purchaser at such a sale, and if they fail or refuse so to do, then the commissioners appointed to make the sale, or any two of them, shall convey the premises to the purchaser, and their deed shall, in that event, be as valid

and binding in law and equity as if made by the parties themselves. Code, § 4005. Again, when application is made for partition, 'due proof' must be made that the notice required has been given; when it is the duty of the court to examine the petitioner's title, etc., before ordering the writ to issue. Code § 3999."

In *Payne v. Terhune*, 212 Ga. 169, 170 (91 SE2d 348) (1956) this court said: "A suit to establish title to land, or to establish the evidence of title, is one that must be brought in equity, but suits to recover land upon legal title are actions at law. The common test as to whether an action to recover land is an action respecting title to land within the venue provision of our Constitution is whether the plaintiff can recover on his title alone, or whether he must seek the aid of a court of equity in order to recover. [Citations]."

In *Grand Lodge &c. of Odd Fellows v. City of Thomasville*, 226 Ga. 4, 5 (172 SE2d 612) (1970) this court said: "Our law makes a distinction between suits to establish the title to land or to establish the evidence of title, and suits to recover the land upon legal title, the former being suits in equity and the latter actions at law. The above-quoted constitutional provision concerns actions at law, such as ejectment and *statutory substitutes,* in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant, for the recovery of land or recovery of the land and mesne profits . . . The plaintiffs (appellees) sought to recover the land upon legal title, alleging that they had acquired the property by described valid deed, and that deeds of gift from them purporting to convey title to the defendant were void for the reason that neither the county nor the city had legal authority to give the property away. They sought no equitable relief, nor any relief other than decree of title and writ of possession in them. Thus the suit was properly brought in the county where the land lies."

In the case at bar the record clearly shows that the appel-

244

lant and the appellee own legal title, as joint tenants in common, to the land which the partition action seeks to have divided between them on a reasonable basis. Appellant seeks to recover her portion of the land and possession of her portion of the land on the basis of her legal title; and a judgment entered in the partition action will place full title and full possession to her portion in her, and such judgment will divest her of all title and all possession in the portion awarded to the appellee.

We therefore conclude that a statutory partition action in this State, which can bestow title on both parties and divest both parties of title, is a case "respecting titles to land," and proper venue is in the county where the land is situated. Therefore, the statute attacked (*Code* § 85-1504) is not in conflict with the Constitution. The appellant properly brought this action for partition in the Superior Court of Lowndes County, the county in which the land is situated.

*Judgment reversed. All the Justices concur.*
ARGUED MAY 8, 1972—DECIDED JUNE 15, 1972.

*John R. Bennett, Ed G. Barham,* for appellant.
*J. Lundie Smith,* for appellee.