### 32434. SCHUEHLER et al. v. PAIT et al.

BOWLES, Justice.

This is an appeal from the trial court's granting of appellees' motion to dismiss appellant's action for lack of subject matter jurisdiction, personal jurisdiction and venue.

In September of 1971, the appellees purchased 110.88 acres of land located in White County. They received a warranty deed for the tract and, in turn, executed a deed to secure debt on the property to the original seller. Appellants were in no way involved in this transaction.

Thereafter, in October of 1971, the parties entered into an "Agreement in Principal and Retainer for Purchase," and in accordance with their agreement, appellees executed bond for title to the appellants to a one-third undivided interest each in the 110.88 acres, and to an additional 89.2 acres subject to appellees exercising an option to purchase same. The appellants, in turn, executed notes under bond for title to the appellees, upon the payment of which appellees bound themselves to execute warranty deeds to said one-third interests to the appellants.

Later that month, the parties entered into an agreement entitled "Articles of Agreement" for the development and sale of the property, with profits and losses to be shared equally and appellee, Stacy L. Pait, was named the general manager therein. This agreement further stated that "each of the parties hereto have a one-third interest in the property described herein subject to the satisfying all first mortgages on the property by the party of the first part (Stacy L. Pait, the appellee) and the parties of the second and third part (James Schuehler and Paul M. Miller, the appellants) satisfying a Note under

Bond for Title for their one-third interest from the party of the first part."

In March of 1972, the appellees exercised their option to purchase the additional 89.2 acres of land offered to them by the seller, made a down payment thereon, and executed a deed to secure debt to the seller for the purchase price. Again appellants were in no way involved in that purchase transaction nor were appellants' names included on the warranty deed executed by the seller to the appellees.

The appellees began performance of their contract with the appellants by having the land surveyed, roads built, the property advertised, and had attempted to market the property, but were unable to sell the land. The appellants became dissatisfied and filed the present lawsuit in which they admitted that title to the property was vested in the appellees but prayed that since the appellees held title to the property in trust for and in behalf of the appellants, that "the court should declare the proper, equitable and legal title to said property in the proper and rightful owners which is the appellants." In their petition the appellants further contended that they were the "sole owners and are entitled to the complete fee simple title to the subject real property. . . However, in the event the appellees have any interest in said land, the [appellants] seek a partitioning by order of court involving said described property." The appellants additionally sought an accounting and damages for breach of contract and for fraud.

Appellees answered and filed their motion to dismiss on grounds that the court lacked subject matter jurisdiction, that the action was in personam and not in rem, and, therefore, since at the time of the filing of the suit none of the parties were residents of the State of Georgia, the court lacked personal jurisdiction, and that venue was improper in the Superior Court of White County.

At a pre-trial hearing of the case the judge entered an order which stated that the court did not have personam jurisdiction or venue in the case because "by their petition the plaintiffs seek an accounting of partnership assets and an equitable decree of title to two-thirds interest in

property belonging to the defendants, which is an action in personam and not in rem, and seek to gain title, not to declare existing title, which operates against the person and not the land and must be brought in the county of the residence of the defendants; and it further appearing that the Georgia Long Arm Statute has no application in this case, all parties being non-residents of the State of Georgia." Appellees' motion to dismiss was granted and the appellants appeal the dismissal.

1. In order to enter a valid judgment, the court must first have jurisdiction over the subject matter of the suit. The phrase subject matter jurisdiction, although often confused with personal jurisdiction and venue, refers to "the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court by the law of its organization to deal with the abstract question." *Melton v. Jenkins,* 50 Ga. App. 615 (1) (178 SE 754) (1935); *Williams v. Kaylor,* 218 Ga. 576, 580 (129 SE2d 791) (1963). See also *Hopkins v. Hopkins,* 237 Ga. 845 (229 SE2d 751) (1976).

Superior courts are courts of general jurisdiction, and as such, they have authority to exercise original, exclusive, or concurrent jurisdiction over all causes both civil and criminal, granted to them by the Constitution and laws. Code Ann. §§ 2-3301, 2-3303, 24-2615. In the instant case, assuming the superior court can exercise jurisdiction over the person of the defendant, and assuming venue has been properly laid in White County, the superior court of that county being a court of general jurisdiction possesses the power to hear and decide *all* questions involved herein.

2. The appellants contend that this civil action involves partitioning, and, therefore, Code Ann. § 85-1504 applies making this an action in rem, and conferring jurisdiction in the Superior Court of White County. Code Ann. § 85-1504 applies "[I]n all cases where two or more persons are common owners of land and

tenements, whether by descent, purchase, or otherwise, and no provision is made by will or otherwise as to how such lands and tenements shall be divided." In such cases, "any one of the common owners may apply to the Superior Court of the county in which such lands and tenements are situated . . . where application shall be by petition setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein."

This court, in *Southall v. Carter,* 229 Ga. 240 (190 SE2d 517) (1972), held that a statutory partition action under Code Ann. § 85-1504, which can bestow title on both parties and divest both parties of title, is a case "respecting title to land" under Code Ann. § 2-4302. Therefore, a statutory partition action coming within the definition of an action "respecting title to land" under Code Ann. § 2-4302 is an action in rem and must be brought in the county where the land lies.

In their original complaint filed in the Superior Court of White County, Georgia, the appellants admitted that title to the land was vested in the appellees but contended that since appellees held title in trust for them that the court should declare the proper, equitable and legal title to the property in the appellants and that upon equitable title being established in the appellants a partitioning of the land be made. Therefore, although appellants seek a partitioning they must first in equity establish title to the property.

In *Owenby v. Stancil,* 190 Ga. 50 (8 SE2d 7) (1940), Chief Justice Reid stated that, "Our law makes a distinction between suits to establish the title to land or to establish the evidence of title, and suits to recover the land upon legal title; the former being suits in equity and the latter actions at law. Powell on Actions for Land, § 150. The 'cases respecting titles to land' referred to in [Art. VI, Sec. XIV] of the Constitution (Code [Ann.] § 2-4302) are actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant, for recovery of land or recovery of the land and mesne profits. The test stated in *Frazier v. Broyles,* 145

Ga. 643, 646 (89 SE 743), is the one commonly used: One test as to whether a suit to recover land . . . in a case respecting title to land, is whether the plaintiff can recover on his title alone, or whether he must ask the aid of a court of equity in order to recover."

Clearly, Code Ann. § 2-4302 does not include actions in which the plaintiff must first seek the aid of equity to perfect his title. *Stolaman v. Stolaman,* 220 Ga. 899 (142 SE2d 70) (1965); *Sternbergh v. McClure,* 217 Ga. 278, 281 (122 SE2d 217) (1961); *White v. Gordon,* 213 Ga. 730 (101 SE2d 759) (1958).

This being a case in equity to establish appellants' title to the land, not to declare existing title, Code Ann. § 2-4303 applies, which provides that, "Equity cases must be tried in the county where defendant resides against whom substantial relief is prayed." Because the appellants were nonresidents of White County, Georgia, the superior court of that county, absent additional circumstances, lacked personal jurisdiction over the appellees so as to determine questions regarding title to the contested property.

3. The appellants further contend that, notwithstanding our holding in Division 2, the Georgia Long Arm Statute (Code Ann. § 24-113.1) applies, and subjects the appellees to the jurisdiction of the Superior Court of White County.

Appellants argue that the court erred in holding the Long Arm Statute inapplicable to a situation where *all parties are nonresidents of the State of Georgia.* The appellees, however, contend that under our Long Arm Statute a plaintiff must be a resident of Georgia in order for the courts of Georgia to acquire personal jurisdiction and venue over the nonresident defendant, and, therefore, the lower court's dismissal was not error.

The Georgia Long Arm Statute is silent on the question of whether a nonresident may use its provisions to bring an action in Georgia against another nonresident. The policy underlying Georgia's Long Arm Statute is primarily to protect the citizens of this state. However, there is no reason why our courts should be closed to a nonresident plaintiff, especially in cases involving real property located in the State of Georgia.

The appellees cite *Shellenberger v. Tanner,* 138 Ga. App. 399 (227 SE2d 266) (1976) as authority that Code Ann. § 24-113.1 applies to resident plaintiffs only. In *Shellenberger,* plaintiff, a resident of Georgia, brought an action under our Long Arm Statute against several nonresident defendants. Although the Court of Appeals, in its decision, stated that "the *Georgia plaintiff* must have a legal cause of action . . . against the nonresident" defendant, and refers to *"resident plaintiff"* and *"resident"* throughout the opinion, we disagree with the appellees' contention that these references limit the use of our Long Arm Statute to resident plaintiffs *only.*

Neither the holding nor dictum in the decision suggest that a nonresident plaintiff is barred from utilizing our Long Arm Statute. The court's use of the term *"resident"* and *"Georgia plaintiff"* was not meant to limit the application of Code Ann. § 24-113.1 but merely used to apply the Long Arm Statute to its most commonly encountered set of facts, that being, the case where plaintiff is a resident of Georgia who has been injured by a nonresident defendant.

Some Long Arm Statutes by express language apply only where the plaintiff is a resident of the forum state. See, Minn. Stat. Ann. § 303.12 (1969). Our statute, however, is not so limited. There being no express language in Code Ann. § 24-113.1 that would prevent a nonresident plaintiff from using our Long Arm Statute and bringing action in Georgia against a nonresident defendant, we find the trial court erred in dismissing appellants' action under Code Ann. § 24-113.1.

It is doubtful that the courts of a sister state could grant adequate relief in a real property partitioning proceeding brought in that state in regard to Georgia real estate.

In light of Division 1, it is clear that the Superior Court of White County had subject matter jurisdiction. Although in Division 2, we held that the court lacked the personal jurisdiction required to adjudicate the merits of this case, it is clear that Code Ann. § 24-113.1 permits the courts of this state to exercise personal jurisdiction over any nonresident defendant as to a cause of action arising from any of the acts, omissions, ownership, use, or

possession enumerated in that section. Under the provisions of that chapter, the venue of claims or causes of action arising under § 24-113.1 lies in any county wherein the business was transacted, the acts of omission occurred, or the real property is located. Code Ann. § 24-116. In the instant case, it is apparent that venue lies in White County under the provisions of our Long Arm Statute.

*Judgment reversed. All the Justices concur.*

Submitted June 15, 1977 — Decided September 7, 1977.

*Maylon K. London,* for appellants.
*Kenneth R. Keene,* for appellees.