## 33270. MIDDLETON v. ROBINSON.

NICHOLS, Chief Justice.

Robinson brought an action in rem to quiet title pursuant to the Quia Timet Act of 1966 (Code Ann. § 37-1411 et seq.). Middleton answered and demanded a jury trial. Robinson, Middleton, the special master appointed by the court, and the court agreed that the controlling issue of fact was the physical location upon the ground of the Old Indian Boundary Line, the common property line referred to in the deeds of Robinson and Middleton. The court submitted that issue to a jury and Robinson prevailed.

1. Middleton enumerates as error the denial of his motions for summary judgment and directed verdict, contending that an action to quiet title will not lie under Code Ann. § 37-1411 et seq., when, as in the present case, the descriptions in the deeds do not overlap.

The first two enumerations of error are without merit.

In the present in rem action, which was filed in the county where the land is situated, as required by Code Ann. § 37-1412, the jury determined that none of the 69.5 acres claimed by Middleton lies within the 307 acres claimed by Robinson. This was a question of title to land within the contemplation of the Quia Timet Act of 1966. See *James v. Gainey,* 231 Ga. 543 (203 SE2d 163) (1974). Cf. *Southall v. Carter,* 229 Ga. 240 (190 SE2d 517) (1972), *Wiley v. Wiley,* 233 Ga. 824 (213 SE2d 682) (1975), *Graham v. Tallent,* 235 Ga. 47 (218 SE2d 799) (1975), and *Schuehler v. Pait,* 239 Ga. 520 (238 SE2d 65) (1977).

2. The third, fourth and fifth enumerations of error contend that the trial court erred in giving plaintiff's requests to charge on rules to be applied when inconsistent clauses appear in deeds. There was some evidence of inconsistent clauses in the deeds admitted into evidence. Since the charges were conditioned upon the finding by the jury of inconsistency, and since the charges were correct as principles of law, these enumerations of error have no merit.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 14, 1978 — DECIDED APRIL 4, 1978.

*Gibbs, Leaphart & Smith, J. Alvin Leaphart,* for appellant.

*Kopp, Peavy & Conner, Neal L. Conner, Jr.,* for appellee.