## GARR et al. v. WOOD.

Courts will not in one suit take cognizance of distinct and separate claims of different persons; but where the damage as well as the interest is several, each party must in that case sue separately.

, AUGUST 13, 1910. REHEARING DENIED, SEPTEMBER 20, 1910.

Equitable petition. Before Judge Reagan. Butts superior court. August 16, 1909.

C. A. Garr and Kittie Garr, his wife, brought an action against

W. J. Wood, the material allegations of which were as follows: Defendant is a cotton factor and money lender, and does considerable business with farmers and others, "making advances on cotton and handling [it] for his customers for the purpose of sell-the same at the best advantage, taking his pay in commissions." Prior to 1904 C. A. Garr was a farmer, engaged in running several farms in Butts county, and for about ten years did business with the defendant, who, by straight dealing and apparent honesty, completely won his confidence. "Petitioner [C. A Garr] would call on [defendant] for money from time to time to run petitioner's farms; and when the cotton was gathered, petitioner would turn the same over to [defendant] as his cotton factor to hold or sell . . from time to time, as the market would permit, or the necessity of petitioner would require, and a settlement was had whenever petitioner called for the same each year." In January, 1901, this petitioner, for the purpose of erecting a house on one of his farms, borrowed $275 from the defendant, and to secure the loan gave him a mortgage on his farm. In the fall of 1904 C. A. Garr contemplated moving to Atlanta and engaging in the grocery business, and, under the advice of the defendant, who was his confidential friend as well as factor, he decided to settle a portion of his property on his wife and to use the remainder, or its income, in his proposed mercantile business. On December 10 of that year, he executed and delivered to defendant a deed to a described tract of land, the title to which the grantee was to hold as security for the then existing indebtedness of the grantor to him, which indebtedness consisted solely of that to secure which the above-mentioned mortgage had been previously given; and thereupon the defendant executed and delivered to Kittie Garr his bond for title, whereby he obligated himself to convey the title to this land to her when the debt of her husband to him should be paid. At this time the defendant had in his possession twenty-six bales of cotton, which C. A. Garr had raised during that year and delivered to him, with instructions to hold the same until said Garr ordered it sold, it being understood and agreed that when this cotton was sold there would be a full and final settlement between them. C. A. Garr, being in easy financial circumstances, decided to hold this cotton until the next season, and so notified the defendant as his factor, who acquiesced therein, "stating that he would not insist on the

immediate payment of the balance on said mortgage, but would
be glad to carry it over and to advance petitioner, C. A. Garr,
money on said cotton if it were needed." In April, 1906, "when
cotton was selling for about eleven cents, C. A. Garr went to Jack-
son, Ga., and requested defendant to sell said cotton and have a
full settlement, and make his deed to petitioner, Kittie Garr, con-
veying to her" the land embraced in the deed and the bond for
title. Defendant agreed to do this, but stated that he was too sick
to attend to business that day, but would on the next day "close
up all pending matters relative to the sale of the cotton and the
making of the deed to petitioner, Kittie Garr." C. A. Garr then
returned to Atlanta. In September, 1906, defendant informed
C. A. Garr "that he had sold said cotton and sent by mail to
[him] the above-described cancelled mortgage, . . and cer-
tain of petitioner's (C. A. Garr's) notes given for advancements on
said twenty-six bales of cotton amounting to $909.00." "Defend-
ant furnished to C. A. Garr, no account sales of said cotton nor any
other data whereby said petitioner might understand the exact date
of sale, the amount and price paid for said cotton, and the pur-
chaser and number of bales sold. And defendant has continued to
fail and refuse to properly account to petitioner, C. A. Garr, for
the proceeds of said twenty-six bales of cotton, but has only de-
livered said petitioner by mail as aforesaid his notes and mortgage,
amounting to $1184.00." In April, 1906, when C. A. Garr in-
structed defendant to sell the cotton it was worth in the market at
least $1,500," which was, at least, $300 more than the advances
made thereon to C. A. Garr by the defendant. Instead of convey-
ing the land in question to petitioner, Kittie Garr, defendant took
possession of the same, and when she urgently entreated him to
convey it to her he offered to purchase it from her, but she refused
to sell the same to him, and again demanded that he comply with
his obligation to convey it to her, which he failed and refused to do.
Since then defendant has sold and conveyed the land to an in-
nocent purchaser. The land is reasonably worth $2,500; and the
defendant, "having put it beyond his power to deed said land to
petitioner, Kittie Garr, he is due her said sum as the value thereof."
Attached to the petition as exhibits were copies of the deed, the
bond for title, the mortgage and notes, referred to therein. One of
these exhibits was a combination note and mortgage, the mortgage

being on described land, which was dated January 5, 1901, for $275, payable on or before December 1, 1901, to the defendant or bearer, upon which appeared the following entry: "The within mortgage having been paid in full, the Clerk of Butts Superior Court is hereby authorized to cancel the same of record. This November 7, 1906. [Signed] W. J. Wood." This was followed by an entry of cancellation signed by the clerk.

The defendant demurred to the petition, upon the grounds, that it set forth no cause of action; that there was a misjoinder of parties plaintiff; and that there was a misjoinder of causes of action, one cause of action being ex contractu and the other ex delicto. The court sustained the demurrer and dismissed the petition; whereupon the petitioners excepted.

*Harris & Harris* and *F. Z. Curry,* for plaintiffs.

*Lane & Park,* and *Y. A. Wright,* for defendant.

FISH, C. J. (After stating the facts.) In our opinion, there was clearly a misjoinder of parties plaintiff, and for this reason the demurrer was properly sustained. There was also a misjoinder of causes of action, although both arose ex contractu; as each was distinct from the other and in favor of a different party. The husband's alleged cause of action was the indebtedness of the defendant to him, arising out of their relations and dealings as principal and factor, which, it was alleged, would be shown by a fair and just accounting between them. The husband, therefore, needed to have an accounting between his factor and himself. The wife's alleged cause of action was the breach of the bond for title which the defendant had executed and delivered to her, and, from the allegations of the petition, it was not necessary, in order to show this breach, for her to have an accounting between the defendant and her husband. The wife was not legally interested in the debt alleged to be due by the defendant to her husband, and the husband was not legally interested in the alleged breach of the bond for title given to his wife by the defendant. The whole of the debt which the deed from the husband to the defendant had been given to secure had been paid, and therefore the condition upon which the defendant was to convey the title to the wife had occurred; but the combination note and mortgage which had been the written evidence of the existence of this debt had, by an entry thereon, signed by the defendant, become the written evidence of

its payment, and this evidence was in possession of the petitioners. There was no matter in this suit in which the petitioners had a common interest. While the wife might have needed the husband as a witness in her case, she did not need him as a party thereto; and there was no reason why the husband should join the wife as a party plaintiff in his suit against the defendant. "Courts will not in one suit take cognizance of distinct and separate claims of different persons; but where the damages as well as the interest is several, each party injured must in that case sue separately." Civil Code, § 4946; *Georgia Railroad Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916).

Of course the ruling here made does not adjudicate the question as to whether the plaintiffs separately have a cause of action.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*