## ANDERSON *v.* ANDERSON.

The Supreme Court has no jurisdiction of a case which was filed under
  the Civil Code (1910), §§ 5358, 5365, for the purpose of partition-
  ing land where it is made satisfactorily to appear to the court that
  a fair and equitable division of the land can .not be made by metes
  and bounds, and in that event for the court to order the· land sold
  and the proceeds divided. Such proceeding is a statutory one, and
  does not involve the title to land; nor is it an equitable proceeding
  so as to give the Supreme Court jurisdiction. The Court of Appeals
  has jurisdiction of such cases, and this case is accordingly transferred
  to that court. Aliter, if the title of either party was brought into
  the controversy, or if it was an equitable petition, or if either party
  sought equitable relief by appropriate proceedings.
                    No. 2228. MAY 13, 1921.
  Partition. Before Judge Mathews. Bibb superior court. May
13, 1920.

*Hall, Grice & Bloch,* for plaintiff in error.

*John R. L. Smith* and *Grady C. Harris,* contra.

HILL, J. John R. Anderson filed a petition against Mrs. Eliza-
beth Anderson, his sister, alleging, that they are tenants in common
of a certain house and lot in Vineville, that because of certain
improvements thereon a fair and equitable division of the land can
not be made by metes and bounds, and that to divide it in kind
would materially depreciate the value of the property. The only
prayer was for a sale of the property and a division of the proceeds. .
No process was attached to the petition; but Mrs. Anderson was
given timely notice of the application, and she appeared and filed
a demurrer to the petition. The grounds of the demurrer were:
(1) No cause of action is set forth. (2) No facts are stated which
would justify the granting of the prayer of the petition. (3) There
is no law which would authorize the granting of the prayer based
on the allegations of the petition. (4) The petition does not plain-
ly and distinctly set forth the circumstances of the case. (5) There
is no application for a writ of partition, nor any prayer therefor.
(6) It is not made to appear that a fair and equitable division of
the lands and tenements can not be made by metes and bounds,
and it is not shown wherein such fair and equitable division can
not be made. (7) There is no process attached to the petition, and
no prayer for process. The respondent also filed an answer which
merely amplified the grounds of the demurrer, and in addition
averred that the petitioner proposed to guarantee that the property

at a sale would bring $62,500, and to secure the guaranty to the extent of petitioner's half interest in the property; which proposal was formally filed in the case, and assured to the defendant more for her interest than any of her witnesses testified that the property probably would bring by subdivision. The demurrer was overruled. After hearing evidence on the merits of the case the court ordered that the property be sold and the proceeds divided in accordance with the terms of the order and in conformity with the warranty made by the petitioner. To this judgment the respondent excepted.

By the act of the legislature of 1916 (Acts 1916, p. 19), which was proposed as an amendment to the constitution and which was subsequently ratified as such, the jurisdiction of the Supreme Court was confined to certain subject-matters: (1) in all cases respecting titles to land; (2) in all equity cases, etc. Unless this case comes within one of the above classes, this court has no jurisdiction to consider and determine the same. We do not think that it comes within the first-named class. The title to the land in question is not involved. It was held by this court in *Drawdy* v. *Musselwhite,* 150 *Ga.* 723 (105 S. E. 298), that a proceeding under the Civil Code, § 4191, to establish a copy of a lost deed, does not involve the question of title to the land, so as to confer jurisdiction on the Supreme Court to hear and determine the case on writ of error; and that the Court of Appeals, and not the Supreme Court, has jurisdiction. It is conceded on argument here that both the petitioner and the respondent are tenants in common of the land sought to be partitioned or sold. This being true, no question respecting title to land is involved. Nor do we think that this court has jurisdiction by reason of the fact that it is an equity case. The proceeding is a statutory one, the petition evidently being brought under the Civil Code, §§ 5358, 5365, and no equitable relief is sought or prayed other than that provided for in the Civil Code, § 5365, being brought apparently to conform to that section, and the prayer seems to be in accordance with that allowed by the latter section. So in neither event has this court jurisdiction of the case, but it is one of which the Court of Appeals has jurisdiction; and it is accordingly transferred to the Court of Appeals for their consideration and decision.          *All the Justices concur.*