*J. T. Sisk,* contra.

TALMADGE, commissioner, *v.* COLQUITT *et al.*

No. 7111. FEBRUARY 12, 1930.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, J. K. Whaley, R. W. Cooper, L. C. Harrell,* and *S. P. New,* for plaintiff in error.

*J. T. Sisk,* contra.

ATKINSON, J. Several persons were appointed and duly qualified as short-term fertilizer inspectors for terms commencing October 1, 1926, and ending October 1, 1928. The Commissioner of Agriculture making the appointment was succeeded by a duly elected successor who was inducted into office in June, 1927. The inspectors so appointed held themselves willing and in all respects competent and qualified to perform their duties as such, but the new Commissioner of Agriculture failed to furnish them with equipment or call upon them for any services. In the first several months of 1928 the quantity of fertilizers in the State for inspection was sufficient to engage the services of said inspectors each for the full term of four months, but no services were rendered for said time, because the inspectors were not furnished with equipment and not called upon by the Commissioner of Agriculture to serve. In March, 1929, the said appointees joined in one action against the incumbent Commissioner of Agriculture, for the writ of mandamus to compel him to draw his warrants "as provided by law" for stated amounts to each of the petitioners, as compensation for the above-mentioned four months in 1928. The petition alleged what is stated above; and further, that petitioners were never lawfully discharged and did not know and had no reason to believe that their services would be dispensed with, or that the salaries provided for them by law would not be paid until their respective terms had expired. Also, that they did not commence action sooner, because there was a doubt as to their right to compensation, and other inspectors had instituted proceedings of the same character, and petitioners desired to await the result of such proceedings before taking action in the courts; that it was the official duty of the Commissioner of Agriculture "to draw his warrants for said salaries in the manner provided by law, . . which he failed and refused to do;" that he acted arbitrarily, illegally, and in bad faith in attempting to remove petitioners from office and in refusing to pay them their salaries. The exception is to a judgment overruling the respondent's demurrer to the petition.

■ Distinct and separate claims of or against different persons can not be joined in the same action. Civil Code, §§ 5515, 5523. Persons having separate and distinct interests in the subject-matter in controversy can not join as relators in a mandamus proceeding. 18 R. C. L. 329, § 277.

■ It is declared by statute that the Commissioner of Agriculture shall appoint not exceeding six general inspectors at a salary of $1200 each per year, whose duties shall be to inspect fertilizers, etc. "The commissioner shall also have authority to employ such additional inspectors during the busy season, not to exceed forty in one year, as in his judgment may be necessary. These additional inspectors shall only be employed when actually needed, the term of service not to exceed four months during any one year. They shall inspect fertilizers [and render other specified services]. The greatest compensation that these short-term inspectors shall receive shall be at the rate of eighty-three and one third dollars per month. . . Each inspector shall be commissioned for a term of two years, subject to the right of the Commissioner of Agriculture at any time to limit and designate the number of months any short-term inspector shall be employed within the period named in the commission, the commissioner also having the right to discharge any inspector for incompetence, neglect of duty, or malfeasance in office." It is also declared: "It shall be the duty of the Commissioner of Agriculture to keep a correct account of money received from the inspection of fertilizers and pay same into treasury from day to day as received, and the Commissioner of Agriculture shall draw warrants on the treasury against said funds from time to time for expenses and salaries of inspectors. . . The treasurer shall honor all warrants drawn by the Commissioner of Agriculture for salaries and expenses above mentioned, . . . and charge the same against the funds derived from the inspection of fertilizers and sale of tags. A sufficient sum, not to exceed the total amount received from the inspection of fertilizers and sale of tags, is hereby appropriated annually for the purpose of paying salaries herein mentioned." Park's and Michie's Codes, §§ 1780, 1795. Where several persons allege themselves to be short-term inspectors appointed, commissioned, and entitled to salaries under the foregoing statutes, the claim of each is separate and distinct, and the several claimants may not join in one action for mandamus against the Commissioner of Agriculture, to require him to issue warrants for the respective salaries. The trial judge erred in overruling the demurrer complaining of misjoinder of parties and causes of action. This question was not involved in *Talmadge* v. *Cordell*, 167 *Ga.* 594 (146 S. E. 467), which related to the single claim of

one relator. As the foregoing ruling will require a reversal of the judgment of the trial court, no ruling will be made on other questions raised by the demurrer.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurring specially. The petitioners in this case seek a mandamus absolute, requiring Eugene Talmadge, Commissioner of Agriculture of Georgia, to draw his warrants in favor of each petitioner for "the sum of $333.32 salary for the year 1928," as fertilizer inspectors. Though concurring in the holding that there was a misjoinder of causes of action and of parties, it is my opinion that the petition should have been dismissed upon the general demurrer setting up that the petition failed to set forth a cause of action, and that the judgment overruling the demurrers should be reversed upon that ground. The judgment rendered in *Talmadge* v. *Cordell,* ante, is not concurred in by the entire court, this writer being of the opinion that, under the well-established principle that mandamus will not lie to compel the doing of a vain or illegal act, the trial judge should have refused to grant a mandamus; and Mr. Justice Atkinson also dissents from those rulings in the *Cordell* case which hold that a mandamus should have been granted compelling a warrant to issue for any portion of the salary sought by the petitioner. However, as to claims for salary accruing after January 1, 1928, the court is of the unanimous opinion that the petitioner was not entitled to the mandamus prayed. In the *Cordell* case it was held: "On and after January 1, 1928, the Commissioner of Agriculture has been without authority to pay the costs and expenses of the maintenance and support of the Department of Agriculture by warrants drawn by him on the State treasury, as was the practice prior to that date. . . Since January 1, 1928, the duty to issue such warrants is no longer imposed upon that officer, and the authority to draw such warrants has been taken away by the act of 1927 [Ga. L. 1927, p. 311], as to salaries due fertilizer inspectors since that date. . . The act of 1927 took from the Commissioner of Agriculture the power to draw warrants upon the State treasury in payment of salaries due to fertilizer inspectors after January 1, 1928." In the *Cordell* case the judgment granting a mandamus absolute was affirmed only in so far as it compelled the commissioner to "issue to the plaintiff warrants for his monthly salary which accrued prior

to January 1, 1928." Therefore, whether I follow the view which led me to dissent in the *Cordell* case, or the rulings in that case to which I do not disagree, it appears plain to me that the petition in the present case, seeking a mandamus to require the Commissioner of Agriculture to issue warrants for salary accruing *only in 1928,* failed to allege a cause of action and should have been dismissed, and the judgment overruling the demurrer based upon this ground should be reversed, without a consideration of any other ground of demurrer.