22038. UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* STEPHENS.

DECIDED JUNE 14, 1932.

*Ryals, Anderson & Anderson,* for plaintiff in error.
*H. T. Hicks, E. L. Stephens,* contra.

LUKE, J. Mrs. Henry Stephens filed suit against W. T. Harrison Jr., as administrator of the estate of W. H. Harrison, deceased, principal, and the United States Fidelity & Guaranty Company, security, on said administrator's bond, for her distributive share of the estate of W. H. Harrison, deceased. The United States Fidelity & Guaranty Company demurred to the petition, on the ground that

it set out no cause of action, that the other heirs of W. H. Harrison, deceased, were not named, and that the petition did not set out the report and judgment of the auditor in a previous case in which the distributive shares of the heirs at law of the deceased were fixed. The plaintiff, though not required by the court to do so, amended her petition by embodying therein the names of the other heirs at law of the deceased and the auditor's report and judgment. The defendant company then demurred to the petition as amended, on the ground that there was a nonjoinder of parties plaintiff in that the other heirs at law of W. H. Harrison, deceased, named in the petition, were not joined as plaintiffs. The court overruled the demurrers, and on this judgment the defendant company assigns error.

Counsel for plaintiff in error state, in their brief, that the sole question raised by the bill of exceptions and by their brief is whether the other heirs at law of W. H. Harrison, deceased, whose names are set out in the petition should be joined as parties plaintiff. The record shows that a case between the administrator and the heirs, appealed from the court of ordinary to the superior court, was referred by the superior court to an auditor, and the auditor found in favor of the caveators the sum of $3,694.38 principal, $1,615.49 interest to date of finding, and future interest at seven per cent., and found further that "Each caveator [including the plaintiff in the instant case] is entitled to $846.19 principal, and $415.63 interest, except J. T. Harrison, who is entitled to $849.81 principal and $368.57 interest." Exceptions to the auditor's report were passed on by a jury, which found in favor of the auditor's report and against the exceptions. The judge of the superior court then passed an order providing in part that "the jury trying same having found a verdict against each and every exception made thereto, as aforesaid, it is ordered, adjudged, and decreed, and is the judgment of this court, that the report and judgment of the auditor be and the same is hereby made the judgment of this court." This judgment of the superior court fixing the distributive share of each caveator, including plaintiff, has never been reversed or set aside. Plaintiff in the instant case sued for her distributive share of said estate as found by the auditor and made the judgment of the superior court. No other heir at law of the deceased had any interest whatever in plaintiff's distributive share. It has been judicially

determined and established that the amount sued for is her individual share of the estate, and she had a right to sue for it. Section 13 of the Civil Code provides that "All bonds taken by public officers [the ordinary in the instant case] under the laws of this State, shall be returned to the offices specified by law; and any person interested therein may bring suit thereon, in his own name, in any court having jurisdiction thereof." And § 4082 of the Code provides that "When any executor or administrator shall fail to settle and account with *any distributee* or legatee of the estate he represents, *such distributee* or legatee may institute *his* suit upon the bond." (Italics ours.) See also *Williams* v. *Lancaster,* 113 *Ga.* 1020 (4) (39 S. E. 471). If all the heirs had been named as plaintiff in this suit, which is for the recovery of the amount due Mrs. Stephens individually, and there was no special demurrer because of a misjoinder of parties, and the evidence showed that no one had a right to this distributive share except Mrs. Stephens, a nonsuit would have been proper. *Glore* v. *Scroggins,* 124 *Ga.* 922 (53 S. E. 690). See also *Garr* v. *Wood,* 135 *Ga.* 90 (68 S. E. 1035). Since the individual share of the plaintiff in the estate of her father had been definitely and judicially determined, and the other heirs at law of the estate had no interest in plaintiff's share, those heirs should not be joined as parties plaintiff in plaintiff's common-law suit on the administrator's bond for her said distributive share as fixed by a judgment of the superior court; and the demurrers to the petition, based on a nonjoinder of parties plaintiff, were properly overruled.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*