## McKINNEY v. THE STATE.

ATKINSON, Presiding Justice. 1. Where on arraignment in the city court of Macon the accused demurred to the accusation on grounds, among others, that the legislative act on which the charge was founded was violative of certain provisions of the constitution of this State, and after the overruling of the demurrer he was tried and found guilty, and on the denial of a new trial he sued out a bill of exceptions in which error was assigned on the overruling of the demurrer and the overruling of his motion for new trial, this court will retain jurisdiction of the writ of error, although the brief of counsel for the plaintiff in error contains a statement that all the grounds of attack based on the unconstitutionality of the act are formally abandoned.

2. A person who operates a store and from his store regularly sells milk, his average daily sale being from one to one and a half gallons, who by a printed sign on the front of the building occupied by him as a store and residence advertises that he has milk for sale, and who sells it to the general public, can not be classed as one who sells milk on a "non-commercial basis," as those words are used in the Georgia milk-control act, approved March 30, 1937 (Ga. L. 1937, p. 247).

3. Section 23-A of said act, which declares, "that nothing in this act shall apply to any producer not having more than six cows from which he is actually selling milk," is not applicable to one who, as defined in the act, is not a "producer," but a "producer-distributor."

4. The evidence supported the finding of guilty.

*Judgment affirmed. All the Justices concur, except*

as to the ruling in headnote 1, from which ATKINSON, P. J., and JENKINS, J., dissent.

No. 12403. SEPTEMBER 23, 1938. REHEARING DENIED OCTOBER 13, 1938.

*Edward F. Taylor,* for plaintiff in error.
*O. L. Long, solicitor,* contra.