DOBBS, administrator, *et al. v.* FEDERAL DEPOSIT INSUR-
ANCE CORPORATION *et al.*

No. 12521.   FEBRUARY 17, 1939.

*C. M. Dobbs* and *McElreath, Scott, Duckworth & DuVall,* for plaintiff.

*Hooper & Hooper, Francis C. Brown, M. J. Yeomans,* attorney-general, *E. G. Arnall, E. J. Clower,* and *O. H. Dukes,* for defendants.

BELL, Justice. It was recited in the bill of exceptions that the Supreme Court has jurisdiction of this case for the reason that the petition "was brought in equity and is subject-matter over which the Supreme Court of Georgia has exclusive jurisdiction." Nothing has been said on the question of jurisdiction in the briefs on either side, counsel for all parties having apparently considered that the foregoing recital is correct. It is the duty of this court, however, to consider the question of its jurisdiction even upon its own motion in all cases in which there may be any doubt as to the existence of such jurisdiction. *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857) ; *Malsby* v. *Shipp,* 177 *Ga.* 54 (3) (169 S. E. 308) ; *Tillman* v. *Groover,* 25 *Ga. App.* 118 (102 S. E. 879). In pursuance of this duty, and after careful consideration, we have determined that the action is not an "equity case" within the meaning of the constitutional provision as to jurisdiction of the Supreme Court. Code, § 2-3005. As related to this subject, the sole question is whether the petition presents an equity case, there being no other feature which could possibly be thought to bring the case within such jurisdiction. Where an action is brought in the superior court, which has equity jurisdiction, the question whether it is a suit in equity or one at law is determined by the allegations and prayers. These are the evidence of the plaintiff's intention, and in considering them for the purpose of ascertaining such intention those which are stated with particularity take precedence over such as are expressed in general terms only. *O'Calla-*

*ghan* v. *Bank of Eastman,* 180 *Ga.* 812 (180 S. E. 847) ; *Henderson* v. *Curtis,* 185 *Ga.* 390, 392 (195 S. E. 152). Accordingly, the fact that the petition declares that it was brought as a petition "in the nature of an interpleader and a petition for direction," for the purpose of avoiding a "multiplicity of suits," and prays for "such other relief as the court may deem equitable under the law," can not be taken as evidencing an intention to sue for equitable relief, where the other prayers and all of the allegations are appropriate only to an action for legal relief.

The petition is not to be treated as a case in equity merely because of general language so terming it, where the allegations of fact and the specific prayers do not support the general language used. *Copeland* v. *Cheney,* 116 *Ga.* 685 (2) (43 S. E. 59) ; *Broderick* v. *Reid,* 164 *Ga.* 474 (2) (139 S. E. 18) ; *Bernstein* v. *Fagelson,* 166 *Ga.* 281, 287 ( 142 S. E. 862) ; *Grimmett* v. *Barnwell,* 184 *Ga.* 461 (2) 468 (192 S. E. 191). The petition does not name any party against whom an interpleader is sought, nor is it an intervention in a receivership case. The superintendent of banks is a statutory receiver, and not a receiver in equity. Equitable relief is not required to recover the amount payable to a depositor by an insolvent bank in the orderly process of liquidation, and plaintiffs here did not seek such relief in order to recover. *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (2) (115 S. E. 648) ; Code, §§ 13-809, 13-817. The Federal Deposit Insurance Corporation is required by statute to "pay to depositors and other creditors the net amounts available for distribution to them" when liquidating a closed bank, and is therefore suable at law by such depositors. 12 U. S. C. A. § 264 (j-4, 1-4). The plaintiffs are depositors in a closed bank, and have filed suit against such bank, R. E. Gormley, superintendent of banks, and the Federal Deposit Insurance Corporation, for the sole purpose of recovering the amounts of their deposits respectively. The petition indicates a purpose to sue jointly for the purpose of avoiding a multiplicity of actions, and the controlling question seems to be whether a joinder for this purpose without more is sufficient to make an equity case. The Code, § 3-110, provides: "Distinct and separate claims of or against different persons shall not be joined in the same action." The respective claims of the plaintiffs appear to be altogether distinct and separate, and to fall within the terms of

this section. See *Georgia Railroad & Banking Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200) ; *Garr* v. *Wood,* 135 *Ga.* 90 (68 S. E. 1035) ; *Talmadge* v. *Colquitt,* 170 *Ga.* 23 (152 S. E. 58).

It might·be inferred from the briefs that the Federal Deposit Insurance Corporation has withheld payment of these deposits on the asserted ground that the plaintiffs are liable as stockholders in amounts greater than their deposits respectively, the act creating this corporation having authorized it to withhold payment of a deposit to the extent of unpaid stockholder's liability, where the depositor is a stockholder and is subject to such a liability. 12 U. S. C. A. 512 (m-4). The petition, however, does not allege or hint at any contention which has been or may be made by the deposit corporation, and consequently it fails to show that any defense common to both plaintiffs will be made. It is true the petition shows upon its face that each of the plaintiffs is a stockholder in the closed bank in a sum exceeding his deposit, but it does not show that any controversy has arisen between them and the defendants on this account. To determine the question of jurisdiction we are limited to a consideration of the allegations and prayers contained in the petition, and can not base a decision upon statements in the briefs. While avoidance of a multiplicity of suits may, in a proper case, be considered as an independent ground of equitable jurisdiction, and not a mere auxiliary to other equities present (Code, §§ 37-301, 37-1501, 55-104; 21 C. J. 74, § 48), it does not alone create an equitable cause of action, regardless of other circumstances. In the present case, the applicable standard is that expressed in the Code as follows: "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." § 37-1007. This section appears to have been codified from the decision in *Smith* v. *Dobbins,* 87 *Ga.* 303 (13 S. E. 496), where it was held that where several executions were levied upon the property of the same defendant, and one person filed in resistance to each levy a separate claim, such claimant was entitled to proceed in equity against all the plaintiffs in execution, where the validity of the executions all involved the same question. In *Southern School Book Depository* v. *Ginn,* 135 *Ga.* 733 (70 S. E. 569), however, it was held that in

order to proceed in equity on the ground of avoiding a multiplicity of actions the petition should have alleged facts showing "a question common to all" of the parties.

As we have stated above, the claims of the plaintiffs appear to be separate and distinct, though similar in nature, and for aught that appears the defenses, if any, to be asserted against them, or the reasons for non-payment, may be equally separate and distinct, involving different questions of law and no common question. On the question of jurisdiction the case appears to be controlled by the decision in *Southern School Book Depository* v. *Ginn,* supra, in that it fails to show that the two claims involve a common question, so as to authorize a suit in equity for the avoidance of a multiplicity of actions. As shown in the foregoing statement, the prayers of the petitioner related solely to legal relief, unless it be otherwise as to the prayer for general relief. If this be treated as a prayer for equitable relief, it is not supported by any allegations of fact appropriate to such relief. *Peek* v. *Wright,* 65 *Ga.* 638; *Copeland* v. *Cheney,* and *Broderick* v. *Reid,* supra. Accordingly, the allegations and prayers taken together seek nothing except relief at law, with a possible but unchallenged misjoinder of parties and causes of action. Code, § 81-304. If the petition was subject to demurrer on the ground of misjoinder of parties or causes of action, the fact that no demurrer was filed would of course not convert it into an equity case within the jurisdiction of the Supreme Court. The case does not involve the principle as to prevention of multiplicity of actions as between a single plaintiff and a single defendant, as applied in *Babb* v. *McKinnon,* 185 *Ga.* 663 (196 S. E. 488); *Pullen* v. *General American Credits Inc.,* 186 *Ga.* 642 (198 S. E. 747).

From what has been said we are of the opinion that the Court of Appeals, and not the Supreme Court, has jurisdiction, and the case will be transferred accordingly.

*Transferred to Court of Appeals. All the Justices concur; except Atkinson, P. J., disqualified.*