BERRY *v.* TRAVELERS INSURANCE COMPANY *et al.*

No. 13441.   SEPTEMBER 25, 1940.

*O. Lee White,* for plaintiff.

*Neely, Marshall & Greene* and *W. Neal Baird,* for defendant.

JENKINS, Justice.   Whether an action as brought in a superior court, having both law and equitable jurisdiction, is one in equity, such as will give this court jurisdiction of a bill of exceptions from a judgment therein, is determinable by the allegations and prayers of the petition.   *O'Callaghan* v. *Bank of Eastman,* 180 *Ga.* 812, 817 (180 S. E. 847); *Wallace* v. *Mize,* 153 *Ga.* 374 (3), 383 (112 S. E. 724).   Although "the jurisdiction of this court is not limited to good cases in equity, but extends to bad ones also" (*Candler* v. *Bryan,* 189 *Ga.* 851, 855, 8 S. E. 2d, 81), yet "the petition is not to be treated as a case in equity merely because of general language so terming it, where the allegations of fact and the specific prayers do not support the general language used." *Dobbs* v. *Federal Deposit Insurance Corporation,* 187 *Ga.* 569, 571 (1 S. E. 2d, 672), and cit.   "To make a case in equity, the allegations of the petition must be applicable to the equitable relief prayed for, and there must be a prayer either for . . specific relief, or for general relief." *Jasper School District* v. *Gormley,* 184 *Ga.* 756, 761 (193 S. E. 248), and cit.   Under the preceding rules, where the petition in this case merely set forth alleged differences between certain provisions in a life-insurance certificate in favor of an employee and other provisions in the master-group policy from the insurance company to the employer, an alleged ambiguity in such provisions, and the contention that by reason of the non-delivery of a copy of the master policy to the insured employee, and the payment of

premiums under the certificate, the provisions of the certificate should prevail; and where the petition sought only a money judgment on the certificate, and, merely as incidental to such judgment, prayed that "every part of said master policy be construed and ordered as applying only so far against plaintiff as the same does not conflict or vary the terms of [said] certificate," and certain specified provisions thereof, there is no fact alleged which would remotely suggest a right to invoke the equitable remedy of cancellation based on fraud, accident, or mistake in the execution of the contract, or other equitable remedy; but on the contrary the petition shows on its face that the rights of the plaintiff, if any exist, depend upon a legal construction of the certificate and master policy when taken together, which in fact is all that is asked by the prayers.

*Transferred to Court of Appeals. All the Justices concur.*