MOSELEY *et al. v.* ALSPAUGH *et al.*

No. 13702.  MAY 17, 1941.

*Lawton Nalley* and *H. W. Nalley,* for plaintiffs.
*J. R. Powell Jr.,* for defendants.

JENKINS, Justice.  Whether an action in a superior court having both law and equitable jurisdiction is one in equity, such as will give this court jurisdiction of a bill of exceptions from a judgment therein, is determinable by the allegations and prayers of the petition.  Although "the jurisdiction of this court is not limited to good cases in equity, but extends to bad ones also," yet "the petition is not to be treated as a case in equity merely because of general language so terming it, where the allegations of fact and the specific prayers do not support the general language used." To make a case one in equity, the allegations of the petition must be applicable to the equitable relief prayed, and there must be a

prayer either for specific equitable relief or for general relief. *Berry* v. *Travelers Insurance Co.,* 190 *Ga.* 772 (10 S. E. 2d, 753), and cit. An action at law was filed in the superior court to recover a commission for selling land, under an alleged contract; and on the same day the plaintiffs had garnishments issued to two banks and to the purchaser of the land. On the following day the defendants in that suit filed in the same court a "petition," headed the same as the suit at law, which designated the present petitioners as "defendants" and stated the case as a "suit on contract and garnishment," except that the present petition added the names of the garnishees to those of the defendants. The present petition contains no prayer for equitable relief or for general relief, and contains no prayer for process; the only prayer being that "the garnishments herein be dismissed until a judgment has been rendered in said case;" and the only order granted, from which this bill of exceptions is brought, being one dismissing the garnishments. The petition alleges that the suit was brought "to harass your petitioners and mulct them of funds not due to plaintiffs," and that the individual surety on the garnishment bond is insolvent, but makes no reference to equity except that "said suit [at law] is of such an amount that a court of equity should intervene and require the plaintiff to execute proper bond and comply with the laws before having garnishment issued in said case, and that, if necessary, these petitioners be given an opportunity to present their demurrer to said petition before the petitioners are harassed and embarrassed, and before they have judgment entered against them." Under the preceding rules, the case not being one in equity, the writ of error must be

*Transferred to the Court of Appeals. All the Justices concur.*