## Alderman *v.* Crenshaw *et al.*

Wyatt, Justice. Petitioners filed this action in the court below, seeking to have partitioned certain described lands. Defendant filed an answer to the partitioning proceedings, in which she admitted that petitioners owned a one-half undivided interest in the land, but objected to the partitioning on the ground that the deed from defendant to petitioners conveying the one-half undivided interest in the land in question provided that the land should not be "sold or disposed of without the written consent of the party of the first part," and that she is ready and willing to repurchase the land at the price she received for it. Defendant also filed a cross-bill, in which she prayed that petitioners be restrained "both temporarily and permanently from pursuing this action, and that a decree be entered specifically requiring the plaintiffs to sell their one-half undivided interest to the defendant for the sum of $3485, as they have elected to dispose of their interest in said tract of land." *Held:*

1. The bill of exceptions recites that "The Supreme Court has jurisdiction over this writ of error for the reason that it involves partition proceedings, the construction of a deed, and other equitable relief." Nothing has been said in the briefs of either party concerning the jurisdiction of this court, all parties apparently considering the recital to be correct. It is, however, the duty of this court on its own motion to consider the question of jurisdiction in all cases where there may

be any doubt as to its existence. *Dobbs* v. *Federal Deposit Insurance Corp.*, 187 *Ga.* 569 (1 S. E. 2d, 672).

2. The fact that this is a partitioning proceeding does not give this court jurisdiction unless the title of one of the parties is brought into question, or unless one of the parties seeks equitable relief by appropriate proceedings. *Anderson* v. *Anderson*, 151 *Ga.* 518 (107 S. E. 334). Nor does the fact that a decision of the instant case will require the construction of a deed make this a case within the jurisdiction of this court. *Berry* v. *Travelers Insurance Co.*, 190 *Ga.* 772 (10 S. E. 2d, 753).

3. Defendant's answer and· cross-bill do not present an equitable matter such as to give this court jurisdiction. In *Williams* v. *Aycock*, 180 *Ga.* 570 (179 S. E. 770), it was said, "If the averments of the petition do not make a case in equity, prayers for equitable relief would not make the case one in equity." See also *Bernstein* v. *Fagelson*, 166 *Ga.* 281 (142 S. E. 862), and *Moseley* v. *Alspaugh*, 192 *Ga.* 216 (14 S. E. 2d, 737). "The action being one at law, and the defendant's answer, if at all equitable in nature, being purely defensive, the sustaining of which would result in a general verdict in favor of the defendant, the case is not an 'equity case' within the meaning of the constitutional provision relating to the jurisdiction of this court." *Equitable Life Assurance Society* v. *Bischoff*, 179 *Ga.* 255 (175 S. E. 560). With the above rules we are in complete accord. Litigants should not be permitted to evade the provisions of the Constitution of this State relating to the jurisdiction of our courts by the simple device of adding a spurious prayer for relief of an equitable nature. Accordingly, the Court of Appeals and not the Supreme Court has jurisdiction of the writ of error in the instant case.

*Transferred to the Court of Appeals. All the Justices concur, except Duckworth, C.J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent because I think that the defendant's plea, which prayed for equitable relief even though the allegations may be insufficient to warrant that relief, was yet sufficient to make this an equity case of which this court has jurisdiction.

No. 17446. SUBMITTED APRIL 10, 1951—DECIDED MAY 14, 1951.

*Gibson & Maddox*, for plaintiff in error.

*Marshall Ewing, D. C. Sapp*, and *Arthur C. Farrar*, contra.