LEGGITT *et al. v.* ALLEN *et al.*

No. 17523. SUBMITTED JULY 9, 1951—DECIDED SEPTEMBER 10, 1951.

*Davis & Friedin,* for plaintiffs in error.

*Leon F. Beddingfield,* contra.

DUCKWORTH, Chief Justice. The object of the Constitution (Code, Ann., § 2-3704; Ga. L. 1945, p. 43) in conferring jurisdiction in specified classes of cases upon the Supreme Court is to require that all decisions in cases that involve the subjects there covered be made by the Supreme Court. But with equal clarity the Constitution (Code, Ann., § 2-3708; Ga. L. 1945, p. 44) directs that in all cases where such subjects are not involved the Court of Appeals must make the decision. Therefore the Supreme Court has no jurisdiction in partitioning proceedings brought under Code §§ 85-1504, 85-1511, where none of the subjects over which it is given jurisdiction by the Constitution is involved. *Anderson* v. *Anderson,* 151 *Ga.* 518 (107 S. E. 334); *Werner* v. *Werner,* 196 *Ga.* 1 (25 S. E. 2d, 676, 146 A.L.R. 1263). The instant case is a statutory partitioning proceeding, but the demurrer to the application, which was overruled, contained a ground challenging the constitutionality of Code § 85-1511 upon the ground that it denied the right to a jury trial, and the judgment on the demurrer is duly excepted to in the bill of exceptions. This makes a case involving the constitutionality of a State law, and is clearly within a class in which the Constitution confers jurisdiction upon the Supreme Court. But the briefs of the plaintiffs in error, filed in the Court of Appeals in January, abandon the constitutional question and make the argument that the identical Code section (Code, § 85-1511) that was assailed by the demurrer confers the right of trial by jury, thus accepting the judgment of the trial court on the constitutional question. This constitutes abandonment of the only question in the case that would give the Supreme Court jurisdiction. The

Court of Appeals transferred the case to this court on May 18, 1951, at a time when there was nothing in the case that gives the Supreme Court jurisdiction. Thereupon counsel for the plaintiffs in error filed a written motion in this court to transfer the case back to the Court of Appeals because there was nothing in the case to give the Supreme Court jurisdiction.

By their actions the plaintiffs in error have irrevocably acquiesced in the judgment of the trial court on the constitutional question, and they will not be allowed to review that judgment nor to question its correctness in any court.' Consequently, it is and was, while the case was in the Court of Appeals, legally impossible for the constitutional question to re-enter it. It then and now stands, and must remain, as a case involving no question which the Supreme Court has jurisdiction to review. Every exception now in the case is clearly reviewable by the Court of Appeals.

Where a case involves equity or constitutional questions or other features that come within the jurisdiction of the Supreme Court, but all such features are abandoned or otherwise eliminated in the trial court before the judgment of that court—on review of that judgment—the Court of Appeals has exclusive jurisdiction. *Blount* v. *Metropolitan Life Ins. Co.*, 192 *Ga.* 325 (15 S. E. 2d, 413); *Gilbert Hotel No. 22* v. *Black*, 192 *Ga.* 641 (16 S. E. 2d, 435); *Martin* v. *Home Owners Loan Corp.*, 198 *Ga.* 288 (31 S. E. 2d, 407).

For precisely the same reason that such eliminations before judgment in the trial court give to the Court of Appeals jurisdiction to review, the elimination by abandonment in the Court of Appeals before that court transferred the case to the Supreme Court, gave exclusive jurisdiction to the Court of Appeals and left a case involving nothing which the Supreme Court has jurisdiction to review. The Constitution (Code, Ann. § 2-3704; Ga. L. 1945, p. 43) directs the Supreme Court and the Court of Appeals to transfer, each to the other, any case brought to either court which does not belong to the class of cases of which it has jurisdiction. Upon reaching the Court of Appeals this case could have been transferred, since the exceptions contained matter within the jurisdiction of the Supreme Court; but when the plaintiffs in error abandoned, as they had a right to do, the constitu-

tional question while the case was in that court, it was not one of which the Supreme Court had jurisdiction when that court transferred it to the Supreme Court. This provision of the Constitution requiring transfer of cases is not concerned with what might at some time have been in the case, but it is concerned solely about the case as it stands when judgment is to be rendered. Here the constitutional question is completely and finally eliminated and no decision concerning that question can be made. In this respect this case differs from those cases where the question within the jurisdiction of the Supreme Court is without merit or need not be decided since a decision of the case can be reached without deciding the constitutional question. See *Burke* v. *State*, 205 *Ga.* 520 (54 S. E. 2d, 348).

We are confronted, however, with the decision in *McKinney* v. *State*, 186 *Ga.* 886 (1) (199 S. E. 115), which was concurred in by only four Justices, where it was held that abandonment in the Supreme Court of the constitutional question did not deprive the Supreme Court of jurisdiction. The decision states no reasons for the ruling nor does it cite any authority therefor. It seems to us that the majority overlooked the basic purpose of the Constitution in fixing jurisdiction. That purpose, as stated above, is to require that all rulings upon subjects which the Constitution has placed in the jurisdiction of the Supreme Court must be made by that court, and that in all other cases where such subjects are not involved the decisions must be made by the Court of Appeals. We therefore think that the majority ruling is unsound and, for that reason, disapprove it and hold that in the instant case, which is in substance the same as the case there dealt with, the elimination of the constitutional question deprives the Supreme Court of jurisdiction, and the case must be sent back to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*