## 38247. BRIDGES v. ELROD.

TOWNSEND, Judge. Jurisdiction of a bad equity case, as well as of a good equity case, is vested in the Supreme Court. *Bleckley* v. *Bleckley*, 189 *Ga.* 47, 53 (5 S. E. 2d 206) ; *O'Callaghan* v. *Bank of Eastman*, 180 *Ga.* 812, 818 (180 S. E. 847). While ordinarily jurisdiction of a partitioning proceeding, especially where it is prayed that the property be sold and the proceeds divided, is not a case involving title to land so as to vest jurisdiction in the Supreme Court, this is not true "if the title of either party was brought into the controversy, or if it was an equitable petition, or if either party sought equitable relief by appropriate proceedings." *Anderson* v. *Anderson*, 151 *Ga.* 518 (107 S. E. 334).

The petition in this case was one for partition and sale only, and was not an equitable petition, but the defendant sought cancellation of the deed to an undivided half interest in the property on which the plaintiff relied, which he had previously executed to the plaintiff, and in so doing invoked the equity jurisdiction of the court and prayed for equitable relief by way of cross-action. One of the grounds of cancellation was fraud in procuring the execution of the deed. The trial court, on demurrer, overruled a motion to strike the answer in the nature of a general demurrer "except matters which have no relationship to the partitioning and fraud," as to which judgment there is no exception. The ruling necessarily left in the case the allegations as to fraud and the prayers as to the equitable relief of cancellation of the deed, for, unless the defendant could prevail in having the deed cancelled, he offered no defense against the partitioning and sale of the property and the division of the proceeds. His contention on appeal is that he offered sufficient evidence to submit this issue to a jury, and that the trial court erred in directing a verdict against him.

This is accordingly a case of which the Supreme Court and not this court has jurisdiction.

*Writ of error transferred to Supreme Court. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 18, 1960.

*Robert L. Scoggin, Jerry L. Minge,* for plaintiff in error.
*Clower & Anderson, E. J. Clower,* contra.