*Rary & Rambo, J. C. Rary,* for appellant.
*Joe R. Edwards, M. T. Hartman, III,* for appellee.

25174.  GAINESVILLE CARPET MART et al. v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF GAINESVILLE et al.

NICHOLS, Justice.  Upon the petition of a creditor of R. M. Conner Contracting Company, Inc., a receiver was appointed and notice by publication was given to other creditors to present their claims to the receiver.  Among the creditors filing interventions were Gainesville Carpet Mart and Shuman Supply of Hall, Inc.  Thereafter these two intervenors filed a "Joint Additional Intervention" in which they sought to have the First Federal Savings & Loan Association made a defendant as a "joint venturer" with the R. M. Conner Contracting Company, Inc., and liable as a partner.  The additional intervention sought to have these deeds to secure debt from the contracting company to the savings and loan association delivered up and canceled as well as an injunction enjoining the exercise of the powers of sale contained therein.  Thereafter, motions for summary judgment were made by both sides and granted as to the savings and loan association.  The intervenors filed an appeal to the Court of Appeals which

court transferred the same to this court in an opinion which stated that the judgment granting the association's summary judgment necessarily adjudicated that the deeds to secure debt were not subject to cancellation for fraud. The appellants' enumerations of error, originally filed in the Court of Appeals, stated the reason for that court's jurisdiction as being that all equitable issues had been removed from the case, and in their brief stated that the purported liens of First Federal Savings & Loan Association were foreclosed subsequent to the filing of the additional intervention and the prayers for injunction are moot, leaving only the legal issue of whether the appellants have a right to recover the amount of their respective claims from the savings and loan association. *Held:*

1. "The test as to whether a case is one in equity, and hence reviewable by the Supreme Court, is not what it might have been at any given time during its pendency in the trial court, but what remains in it when judgment is to be rendered. Matters eliminated by the parties or their counsel constitute no part of the case in the Supreme Court. *Douglas-Guardian Warehouse Corp. v. Todd*, 212 Ga. 791 (96 SE2d 275); *Leggitt v. Allen*, 208 Ga. 298 (66 SE2d 709)." *Lorenz v. DeKalb County*, 215 Ga. 731 (113 SE2d 404). See also *Frigidice Co. v. Southeastern Fair Assn.*, 186 Ga. 263 (197 SE 804).

2. While the intervention originally sought relief which would place jurisdiction of the appeal in this court, the sole issue remaining at the time the motions for summary judgment were ruled on was whether the original defendant (R. M. Conner, Sr. Contracting Company) and First Federal Savings & Loan Association of Gainesville were joint venturers so as to authorize recovery of the amount of claims originally filed by the intervenors from the savings and loan association as well as the assets of the original defendant. Accordingly, the Court of Appeals has jurisdiction of the appeal.

*Returned to the Court of Appeals. All the Justices concur.*

SUBMITTED MAY 12, 1969—DECIDED MAY 22, 1969.

*Reed & Dunn, R. Elliott Dunn, Jr., Robert E. Andrews,* for appellants.

*Hammond Johnson, Jr., Perry S. Oliver, R. Wilson Smith, Jr.,* for appellees.