## 29475. WILEY et al. v. WILEY.

NICHOLS, Chief Justice.

This is an appeal from an order granting appellee's motion to set aside an order of the trial court confirming a judicial sale of land.

Appellant Ophelia E. Wiley and appellee Lester C. Wiley, formerly husband and wife, each owned an undivided one-half interest in land located in Cobb County. Ophelia Wiley petitioned the Superior Court of Cobb County to partition the property. After a hearing the trial court determined that the property could not be fairly and equitably divided by metes and bounds and appointed three commissioners to sell the property at public outcry. The order did not prescribe the terms of the sale or the manner in which it was to be conducted.

Appellee was the high bidder at the sale but was unable to obtain cash in the full amount of his bid within the 15-minute time limit prescribed by the commissioners. The commissioners then knocked the property off to the second highest bidder, Max Herring, also an appellant herein, who immediately tendered cash.

Ophelia Wiley then petitioned the trial court for confirmation of the sale. Appellee was served and ordered to show cause why the prayers of the petition should not be granted. The petition alleged that the property was sold subject to a described security deed. However, the

amended return of the commissioners, filed as part of the record of the confirmation proceedings, showed that the sale was conducted with the "understanding" that the property would be sold free of, and not subject to, the existing security deed, the proceeds to be used to pay the indebtedness secured by the deed.

Appellee filed nothing of record objecting to confirmation of the sale. No transcript was made of the hearing on the petition. After the hearing the trial court ordered the sale confirmed, noting in its order that "no objection has been made by anyone that [sic] is a party" to the confirmation proceedings.

Thirty days after the confirmation order issued, and during a subsequent term of court, appellee filed a motion that it be set aside, alleging that he had been misled as to the amount he would have to pay in cash if he were the successful bidder. Appellant's motion to dismiss the motion to set aside was denied. Appellee attached as an exhibit to his motion the "Notice of Judicial Sale" which had been advertised in the county's official newspaper and which announced that the sale would be for cash and that the property would be sold subject to a described security deed. At the hearing on the motion, appellee testified that at the confirmation hearing he attempted to orally object to the terms of the sale as announced by the commissioners and the manner in which it was conducted but was ruled out of order by the trial judge. The trial judge noted that he remembered appellee having attempted to make such objections but was in fact ruled out of order and limited to the sole issue of adequacy of price. The trial judge further noted that "[i]f anyone made an error, I did."

The trial court then ordered the confirmation order be set aside, that the sale was void, and that all parties tender back into court any proceeds received from the sale. The order was based upon findings that the sale was conducted in the absence of any order prescribing particular terms and conditions under which the sale was to be held and that the property was sold free of, and not subject to, the existing security deed in contravention of the published notice of sale.

Appellants appeal from the order setting aside the

confirmation order.

1. Prior to the decision in *Southall v. Carter,* 229 Ga. 240 (190 SE2d 517), it had been held that jurisdiction of an appeal taken from a judgment in an action involving solely the statutory partitioning proceedings of Code Ann. §§ 85-1504 and 85-1511 was in the Court of Appeals and not in this court. *Bodrey v. Bodrey,* 225 Ga. 822 (171 SE2d 614); *White v. Howell,* 224 Ga. 135 (160 SE2d 374); *Nash v. Williamson,* 212 Ga. 804 (96 SE2d 251); *Leggitt v. Allen,* 208 Ga. 298 (66 SE2d 709); *Alderman v. Crenshaw,* 208 Ga. 71 (2) (65 SE2d 178); *Anderson v. Anderson,* 151 Ga. 518 (107 SE 334). However, in *Southall v. Carter,* supra, this court resolved the question whether a partition action is one "respecting title to land," holding that it is. Accordingly, jurisdiction of the appeal is in this court pursuant to Art. VI, Sec. II, Par. IV (Code Ann. § 2-3704), and not in the Court of Appeals. Those decisions exemplified by *Anderson v. Anderson,* supra, are expressly disapproved.

2. Where no attack is made upon the court's jurisdiction over the person or subject matter, a "motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." Code Ann. § 81A-160 (d). The motion will not be granted where matters upon which it is predicated must be developed by evidence. See *Miller v. Miller,* 230 Ga. 777 (199 SE2d 241).

(a) The only defect which appeared upon the face of the record or pleadings of the confirmation proceedings was the inconsistency between the allegation of the confirmation petition, reciting that the property had been sold subject to the security deed, and the amended return of the commissioners stating that the property was sold free of the security deed. This defect was amendable, the trial court having treated the property as having been sold free of the security deed. It may be true that if the notice of sale, announcing that the property would be sold subject to the security deed, had been made part of the record of the confirmation proceedings, the defect would have been nonamendable and therefore subject to a motion to set aside. The notice of sale was not, however, made part of that record and was introduced for the first

time on the motion to set aside.

(b) Furthermore, any objections appellee may have made to the terms of the sale or the manner in which it was conducted do not appear upon the face of the record or pleadings of the confirmation proceedings, and the overruling of those objections, even if erroneous, cannot be made the subject of a motion to set aside.

(c) The trial court held that under the provisions of Code § 85-1511, a judicial sale in partition of land cannot proceed merely upon an order appointing commissioners and directing that a sale be held, but that the sale may proceed only upon a further order of the court prescribing the particular terms and conditions under which the sale is to be conducted. If such a further order of the trial court were indeed a condition to the validity of the sale, its absence from the record of the confirmation proceedings would be a nonamendable defect appearing upon the face of the record.

That statute provides in pertinent part that the court "shall appoint three discreet persons to conduct such sale under such regulations and upon just and equitable terms as said court may prescribe." This language clearly does not require the trial court to prescribe the regulations and terms governing the sale but is directory only. Discretion as to the terms and conditions of the sale is left to the commissioners, whose actions are subject to review by the trial court in the confirmation proceedings. This procedure is analogous to that of an administrator's sale where, under Code Ann. § 113-1706, "[t]here is no specific requirement that an order granting leave to sell specify the terms of the sale." *Adamson v. Petty,* 230 Ga. 87, (2) (195 SE2d 436). Accordingly, the absence of any order prescribing the terms and conditions of the sale does not constitute a nonamendable defect appearing upon the face of the record or pleadings.

There being no nonamendable defect appearing on the face of the record or pleadings, it was error for the trial court to deny appellant's motion to dismiss the motion to set aside.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 17, 1975 — DECIDED
FEBRUARY 25, 1975.

*Bryan & Wilgus, Edward H. Johnson, Gray & Nelson, Donald O. Nelson,* for appellants.
*Richard L. Powell,* for appellee.