30272. BERNSTEIN v. BERNSTEIN.

INGRAM, Justice.

This is an appeal from an order of Chatham Superior Court confirming a sale of land in a partitioning proceeding brought under Code Ann. § 85-1511. The land was owned by the appellant and the appellee as tenants in common. After a hearing, the trial court appointed three commissioners to sell the property at public outcry on the first Tuesday in May, 1975, at the courthouse in Chatham County, between the legal hours of sale, after advertising the sale of the land once a week for four weeks, as provided in Code § 85-1511.

The advertisement was duly run but neither it nor the court's order specified the terms of the sale, i.e., whether for cash or on terms. The sale was held as ordered and advertised. Both the appellant and the appellee appeared at the sale and bid on the property with other parties present. The property was sold to the appellee for $52,000, "said sum being the highest and best bid so offered at the time of [the] sale."

Appellant objected to the subsequent confirmation of

the sale by the trial court on the ground that the original order of sale was invalid as it failed to prescribe the terms and conditions of the sale and on the additional ground that there was no legal advertisement of the sale.

Appellant acknowledges in his brief that the first ground of his objection to the confirmation of the sale is not meritorious in view of this court's decision in *Wiley v. Wiley,* 233 Ga. 824 (213 SE2d 682). This leaves for consideration appellant's contention that there was no legal advertisement of the sale. This contention is based upon the argument that the advertisement actually did not offer to sell the property and did not state the terms and conditions upon which a sale would be made.

The advertisement of the sale provides at the top of the notice that it is an "Advertisement for Sale of Land." It also contains the names of the co-tenants and a copy of the court's order providing that the named commissioners "shall sell" the property at public outcry on the first Tuesday in May, 1975, at the Chatham County Courthouse between the legal hours of sale. The advertisement also contains a legal description of the property.

The only alleged irregularity in the advertisement is its omission of the terms and conditions of the sale. The return of the commissioners does not show the property was sold on credit and appellant makes no contention that the property was not sold for cash to the highest bidder. The trial court's order confirming the sale provided for the proceeds of the sale to be distributed to the parties at interest. These are the two tenants in common who are the parties to this case.

We believe the alleged advertisement irregularity was harmless in this case. There is no contention that anybody was misled or deceived by the manner in which the sale was conducted. Apparently, the commissioners announced the terms and conditions of the sale at the time it was conducted because both appellant and appellee bid at the sale, with others present, and the commissioners sold the property at public outcry to the highest bidder.

As observed in *Wiley,* supra, p. 827, "[d]iscretion as to the terms and conditions of the sale is left to the commissioners, whose actions are subject to review by the

trial court in the confirmation proceedings." The trial court reviewed all aspects of the sale at the confirmation hearing and then entered its order of confirmation. We find no error in the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 4, 1975 — DECIDED SEPTEMBER 16, 1975.

*Lewis & Javetz, Emanuel Lewis,* for appellant.

*Smith & Portman, Barnard M. Portman,* for appellee.